Willie Earl CAMPBELL *v.* STATE of Arkansas

CR 85-172                                           712 S.W.2d 302

Supreme Court of Arkansas
Opinion delivered July 14, 1986

*Cross, Kearney & McKissie*, by: *Gene E. McKissie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Willie Earl Campbell, was charged with four felonies and with being an habitual offender with four prior convictions. The jury found Campbell guilty of all the charges and imposed sentences as follows: For burglary, 27 years; use or possession of a prohibited weapon, 10 years; being a felon in possession of a firearm, 10 years; and terroristic threatening, 15 years. The trial judge directed that the sentences run consecutively. Campbell's appeal comes to this court under Rule 29(1)(b).

The appellant's attorney filed a no-merit brief pursuant to *Anders* v. *California*, 386 U.S. 738 (1967). The Attorney General agreed that there is no merit in the appeal. Our Criminal Justice Coordinator, however, noted apparent merit and made an appropriate recommendation. We agree with her conclusion that the State failed to prove the charge of burglary.

In April, 1984, Lula Johnston, age 91, was standing on the porch of her home in Pine Bluff when a man suddenly appeared beside her. He put his hand over her mouth and said he would kill her if she screamed. He threw her to the floor and began feeling across her breast, apparently in search of her purse. Ms. Johnston began screaming and kept it up as the intruder dragged her

toward the door. She fought back until her screams brought several neighbors to the scene. At that point the intruder released her, ran through the house, and broke a rear window to make his escape. At least four of the neighbors who saw him flee recognized him as Willie Earl Campbell, whom they knew. When the police arrested Campbell at his home he was hiding in a closet. Also in the closet was a sawed-off shotgun which Campbell admitted to be his.

■ Burglary is defined as entering another person's occupiable structure with the purpose of committing therein any offense punishable by imprisonment. Ark. Stat. Ann. § 41-2002 (Repl. 1977). The State did not prove an unlawful entry upon Ms. Johnston's front porch, for the statute permits an entry upon premises that are open to the public. Section 41-2001(3). We need not consider the possibility that Campbell entered the house for the purpose of committing an offense in the course of his efforts to escape apprehension; there was no such proof.

The judgment is modified to delete the conviction and sentence for burglary. As so modified it is

Affirmed.

HOLT, C.J., not participating.