

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–560

| | | |
|---|---|---|
| JERMAINE CARROLL | | **Opinion Delivered** November 6, 2013 |
| | APPELLANT | |
| V. | | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CR–2010–0515–1] |
| STATE OF ARKANSAS | | HONORABLE BERLIN C. JONES, JUDGE |
| | APPELLEE | |
| | | AFFIRMED AS MODIFIED; MOTION GRANTED |

## RITA W. GRUBER, Judge

By written order of the Circuit Court of Jefferson County, entered on July 11, 2011, Jermaine Carroll was placed on twenty-four months' probation for the Class C felony theft by receiving and on twelve months' probation for misdemeanor unlawful copying or sale of recordings. On December 17, 2012, the State filed a petition to revoke probation, alleging that Carroll had violated required conditions. At the conclusion of a March 12, 2013 revocation hearing, the circuit court found Carroll in violation of conditions and revoked probation for both offenses. The court's written order of March 21, 2013, reflects that probation was revoked on the felony, for which Carroll received a sentence of seven years' imprisonment in the Arkansas Department of Correction, and that probation was revoked on the misdemeanor, for which he was sentenced to twelve months in the county jail. The sentences were to run concurrently.

SLIP OPINION

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and as allowed by Rule 4–3(k) (2013) of the Rules of the Arkansas Supreme Court and Court of Appeals, Carroll's counsel has filed a no-merit brief and a motion to withdraw on the ground that an appeal in this matter would be wholly without merit. Carroll has not filed points for reversal despite being notified by the clerk of this court of his right to do so. Counsel's no-merit brief addresses two adverse decisions by the circuit court: the revocation itself and an evidentiary ruling during a probation officer's testimony about how often Carroll was required to report. Counsel fairly discusses the evidence supporting the court's findings that probation conditions were violated, and he explains why the court was correct in overruling his objection to the officer's testimony.

We note our duty in a no-merit appeal to fully examine the proceedings in order to decide if an appeal would be wholly frivolous. *Tijerina-Palacios v. State*, 2012 Ark. App. 444. From our review of the record and the brief presented to us, we find that counsel has complied with the requirements of Rule 4–3(k)(1) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted and the revocation is affirmed.

In reviewing the record, however, we have determined that the circuit court's order of March 21, 2013, is illegal on its face regarding the misdemeanor. The twelve-month probation for the misdemeanor, along with the twenty-four-month probation on the felony, became effective with entry of the circuit court's July 11, 2011 order. The twelve-month probation was complete before the State filed its petition to revoke, and only the twenty-four-month probation for the felony remained in effect. *See* Ark. Code Ann. § 16-93-308(d)

2

(Supp. 2011) (stating that "[i]f a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, the court may revoke the suspension or probation at any time prior to the expiration of the period of suspension or probation").[1]  Thus, the revocation of probation for the misdemeanor resulted in an illegal sentence.

The judgment is modified to delete the revocation and sentence for misdemeanor unlawful copying or sale of recordings.  *See Campbell v. State*, 289 Ark. 454, 712 S.W.2d 302 (1986) (modifying the circuit court's judgment of four felony convictions in a no-merit appeal upon our supreme court's finding that the State did not prove one of the four convictions).  *See also* Ark. Sup. Ct. R. 4-3(k)(4) (authorizing the appellate court, upon consideration of a motion to withdraw in a no-merit case, to affirm or reverse the circuit court's judgment on the appellate court's own motion).

Affirmed as modified; motion granted.

HARRISON and WHITEAKER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

No response.

---

[1]The statute allows revocation subsequent to the expiration of the period of suspension or probation in certain situations, none of which apply to the present case.  Ark. Code Ann. § 16-93-308(f) (Supp. 2011).