Allen WHITTLE *v.* WASHINGTON COUNTY CIRCUIT COURT

CR 96-189                                   925 S.W.2d 383

Supreme Court of Arkansas
Opinion delivered June 24, 1996

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

DAVID NEWBERN, Justice. Bradford Allen Whittle seeks a writ of prohibition to prevent the Washington County Circuit Court from trying him on charges of misdemeanor offenses which were brought against him in 1991. We grant the writ because Mr. Whittle has been denied a speedy trial.

Mr. Whittle stole a truck on August 12, 1991. A subsequent high-speed chase resulted in a collision with a police car. He pleaded guilty to a felony charge of theft of the truck and to two other unrelated charges and was convicted and sentenced to eight years imprisonment on September 9, 1991. He was incarcerated and failed to appear on October 25, 1991, in the Springdale Municipal Court for trial on misdemeanor traffic charges stemming from the incident.

On April 1, 1994, a warrant for Mr. Whittle's arrest was issued by the Municipal Court. He was released from prison on April 28, 1995, and shortly thereafter moved to dismiss the misdemeanor charges pursuant to Ark. R. Crim. P. 30.1(a) because he had not been given a speedy trial. The motion was overruled, and Mr. Whittle was convicted of the misdemeanor charges on August 18, 1995.

■ Mr. Whittle appealed to the Washington County Circuit Court. An appeal to a circuit court of a municipal court judgment results in a trial *de novo*. *Bussey* v. *State*, 315 Ark. 292, 867 S.W.2d 433 (1993). Mr. Whittle again moved to dismiss for failure to provide a speedy trial, claiming violations of the Sixth and Fourteenth Amendments, Ark. Const. art.2, § 10, and Ark. R. Crim. P. 27-30. The motion was denied.

■ In his petition and brief before this Court, Mr. Whittle relies on our decision in *Stephens* v. *State*, 295 Ark. 541, 750 S.W.2d 52 (1988). Ms. Stephens was charged with driving while intoxicated on June 28, 1984. She was tried and convicted in a municipal court on January 23, 1986. She appealed to a circuit court where she moved to dismiss for lack of a speedy trial. Although there was no record of Ms. Stephens having moved to dismiss on speedy-trial grounds in the municipal court, we held that did not pose an impediment to raising the issue in circuit court because the proceeding was *de novo*. Our holding was that a municipal court speedy-trial violation may be raised in the circuit court proceeding although Rule 28.1, which now sets the speedy-trial limit at one year, only refers to trial in a circuit court.

■ In his letter opinion denying the motion to dismiss in the case now before us, the Circuit Judge relied on *Cook* v. *State,* 321 Ark. 641, 906 S.W.2d 681 (1995), and *McBride* v. *State,* 297 Ark. 410, 762 S.W.2d 785 (1989). In the *McBride* case, we held that a circuit court proceeding does not violate the speedy-trial rule, although it occurs outside the time limit set by the rules, if the municipal court trial being appealed was timely. We said in that situation the time for the trial in the circuit court begins to run when the appeal from the municipal court conviction is filed. We followed that decision when presented with similar facts in the *Cook* case.

In its response to Mr. Whittle's petition for prohibition and in

its brief the State acknowledges that the case now before us is like the *Stephens* case in that, if Rule 28.1 applies, the municipal court trial was held after the time prescribed by the rule had expired. It is unlike the *McBride* and *Cook* cases in which the municipal court trials were not in violation of the rule.

The State asks that we overrule the *Stephens* decision on one of the grounds stated by the dissenting opinion in that case, *i.e.,* that Rule 28.1 states it applies to circuit court trials and does not refer to municipal court trials.

■ Rule 1.2. of the Arkansas Rules of Criminal Procedure states:

> These rules shall govern the proceedings in all criminal cases in the Supreme Court and in circuit courts of the State of Arkansas. They shall also apply in all other courts where their application is practicable or constitutionally required.

The primary discussion in the opinion in the *Stephens* case was of the constitutional right to a speedy trial. We cited *Barker* v. *Wingo,* 407 U.S. 514 (1972), and applied a "balancing test" of factors leading to a decision that a violation of the Sixth Amendment right to a speedy trial had occurred. Upon concluding that a violation had occurred, we then said, "Rule 28 would likewise require a similar result." We have been given no more reason to decline to apply our speedy-trial rule in this case than we had in the *Stephens* case, and we decline to overrule that decision.

Writ granted.

DUDLEY, J., not participating.

GLAZE, J., dissents.