

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-490

| | |
|---|---|
| | **Opinion Delivered** December 17, 2014 |
| ROY SAMUEL HURST<br>APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT<br>[NO. CR-10-87] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE DAVID G. HENRY, JUDGE |
| | AFFIRMED |

**BRANDON J. HARRISON, Judge**

On 27 August 2013, Roy Hurst pleaded guilty to stealing property worth at least $25,000, which is a Class B felony. The court sentenced Hurst to twelve years in the Arkansas Department of Correction. In this sentence-enhancement appeal, Hurst argues that the circuit court improperly considered a misdemeanor conviction from Monroe County that was on appeal from district court to circuit court when it sentenced him in this case. For a few reasons, we affirm the circuit court.

I.

Hurst pleaded guilty in the Arkansas County Circuit Court to one count of theft of property worth at least $25,000 because he took a Kubota tractor. At sentencing, the circuit court considered evidence that Hurst was convicted in Monroe County of a misdemeanor theft of property for stealing a jar of dimes from the county assessor's office.



The dime-jar theft was, however, just one among many prior convictions that the court received as evidence of Hurst's near forty-year criminal history. Hurst specifically objected to the misdemeanor conviction being considered because a notice of appeal to circuit court on that charge had just been filed, and Hurst argued that it did not therefore "count as a conviction." The court nonetheless considered the misdemeanor conviction, and his additional criminal history, as evidence of Hurst's lack of "effort for the past forty years toward rehabilitation." It did not, however, base a sentencing decision solely on the appealed district-court judgment. As the State noted, Hurst's criminal history was so significant that his sentence would not and should not turn on "that one conviction."

The circuit court's decision to admit evidence in the sentencing phase of a criminal proceeding is reviewed for an abuse of discretion. *Gill v. State*, 2010 Ark. App. 524, 376 S.W.3d 529. Prejudice in sentencing cannot be successfully argued if the defendant's sentence falls within the statutory range and is less than the maximum possible sentence. *Holley v. State*, 2014 Ark. App. 557; *Gill*, *supra*. Arkansas law generally allows evidence relevant to sentencing to be considered, even if it would not be admissible during the guilt/innocence phase. *Crawford v. State*, 362 Ark. 301, 308–09, 208 S.W.3d 146, 151 (2005).

Hurst argues that because his misdemeanor conviction was on appeal from district court to circuit court, it was "as if no judgment had been rendered." Ark. Code Ann. § 16-96-507 (Repl. 2006); *Whittle v. Washington County Circuit Ct.*, 325 Ark. 136, 138, 925 S.W.2d 383, 384 (1996). Section 16-96-507 permits a district-court case to be tried de novo in the circuit court, which means the circuit court case proceeds as if there had been

SLIP OPINION

no trial in district court. *Whittle, supra.* The right to a de novo proceeding does not, however, encompass Hurst's point—that a prior conviction on appeal from district court to circuit court cannot be used against a defendant for sentence-enhancement purposes in a separate criminal case.

The Arkansas Supreme Court has held that, for sentence-enhancement purposes, a criminal conviction is final when judgment is first pronounced; this is so even if the appealed conviction is overturned on appeal. *See Birchett v. State*, 291 Ark. 379, 381–82, 724 S.W.2d 492, 492–93 (1987). Furthermore, evidence of particular criminal conduct may be relevant in sentencing even if the defendant is never officially charged with the criminal offense or convicted of committing the charged offense. *See Doles v. State*, 2011 Ark. App. 476, 385 S.W.3d 315. We hold that the circuit court did not abuse its discretion when it considered the appealed Monroe County misdemeanor conviction when it sentenced Hurst in this case.

## II.

We further hold that, apart from the appealed conviction, there was ample evidence of Hurst's criminal history to support the court's sentence in this case. Finally, Hurst cannot establish a prejudicial error in sentencing under *Gill, supra*, and *Holley, supra*, because his sentence was less than the maximum permitted. *See* Ark. Code Ann. §§ 5-36-103(b)(1)(A) (theft of property valued at least $25,000 is a Class B felony) and 5-4-401(a)(3) (Repl. 2006) (sentence range for Class B felony is five to twenty years).

The circuit court's order is affirmed.

Affirmed.

3



HIXSON and WOOD, JJ., agree.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.