Cite as 2015 Ark. App. 18

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-523

| | |
|---|---|
| | **Opinion Delivered** January 14, 2015 |
| DEREK LEMANUEL HARMON<br>APPELLANT | APPEAL FROM THE CRITTENDEN<br>COUNTY CIRCUIT COURT<br>[No. CR-2010-1229] |
| V. | HONORABLE RALPH WILSON, JR.,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW<br>GRANTED |

**LARRY D. VAUGHT, Judge**

Counsel for appellant Derek Lemanuel Harmon has filed this no-merit appeal and motion to withdraw from the sentencing order revoking his probation. Pursuant to Arkansas Supreme Court Rule 4-3(k)(1) (2014), and *Anders v. California*, 386 U.S. 738 (1967), counsel's brief asserts that there is no issue of arguable merit to present on appeal. Because we agree, we affirm the revocation and grant counsel's motion to withdraw.

On July 17, 2011, Harmon pled guilty to possession of a controlled substance with intent to deliver. He was sentenced to thirty-six months' probation; ordered to pay fines, court fees and costs, and probation fees; and directed to obey the terms and conditions of his probation. On November 5, 2013, the State filed a petition to revoke Harmon's probation, alleging that he had failed to pay fines, costs, and fees; failed to report to the probation office; failed to pay

probation fees; failed to notify the sheriff and the probation office of his current address and employment; and departed from an approved residence without permission.

A revocation hearing was held on March 6, 2014. Amy Peyton, who collects court-imposed fines and fees for the Crittenden County Sheriff's Office, testified that Harmon was ordered to pay $2165 in court fines, costs, and fees in monthly payments of $50. She testified that Harmon never contacted her and made no payments toward his court fines, costs, and fees, leaving a full balance of $2165. During her testimony, a ledger reflecting the amount Harmon owed in fees, fines, and costs was introduced into evidence.

At the conclusion of Peyton's testimony, Harmon's counsel moved to dismiss all of the allegations made in the State's petition, except for the allegations that he failed to pay court fines, costs, and fees and that he failed to notify the sheriff of his current address and employment. The trial court granted the motion.

Harmon testified that following his probation assessment, he secured employment as a cook at the Community Services of the Blind earning $9 per hour. He further testified that he was aware of his financial obligations related to this case, but he stated that he had been unable to satisfy those obligations because he had been "trying to live" and pay child support for his four children. Harmon, who lived with his mother, requested another chance to pay his monetary obligations.

At the conclusion of the hearing, the trial court found that Harmon had inexcusably failed to report to the sheriff's office and to pay his court fees, fines, and costs. The trial court

revoked Harmon's probation and sentenced him to twenty-four months' imprisonment in the Arkansas Department of Correction, along with a thirty-six-month suspended imposition of sentence. Counsel's no-merit brief on appeal discusses the trial court's sole adverse ruling—the revocation—and explains why it is not a meritorious ground for reversal. Harmon has not raised pro se points for reversal; accordingly, the State declined to file a responsive brief.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Williams v. State*, 2013 Ark. App. 422, at 3. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* If the alleged violation involves the failure to pay ordered amounts, after the State has introduced evidence of nonpayment, the burden shifts to the probationer to provide a reasonable excuse for the failure to pay. *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45. It is the probationer's obligation to justify his failure to pay, and this shifting of the burden of production provides an opportunity to explain the reasons for nonpayment. *Id.*, 389 S.W.3d at 45. If the probationer asserts an inability to pay, and provides evidence demonstrating that inability, then the State must demonstrate that the probationer did not make a good-faith effort to pay. *Id.*, 389 S.W.3d at 45. Despite the shifting of the burden of production, the State shoulders the ultimate burden of proving that the probationer's failure to pay was inexcusable. *Id.*, 389 S.W.3d at 45. Because this determination turns on questions of credibility and the weight to be given testimony, we defer to the trial court's superior position. *Rogers v. State*, 2014 Ark. App. 310, at 2.

SLIP OPINION

Having carefully examined the record and the brief presented to us, we hold that counsel complied with Rule 4-3(k)(1) and *Anders*, and that there is no merit to this appeal. The State presented evidence from Peyton that Harmon failed to make any payments on his court-imposed financial obligations and that he failed to report to probation as ordered. Additionally, Harmon admitted that he failed to pay court fees, fines, and costs. While he added that he was unable to make the payments, other testimony from Harmon revealed that he had worked as a cook for thirty years, he secured employment after his probation assessment earning $9 per hour, he earned $13,800 in 2013, and he lived with his mother in her home. Thus, there was sufficient testimony as to Harmon's ability to pay, his earnings, and employment. And the trial court exercised its role as the finder of fact and made a determination of credibility with regard to Harmon's explanation for nonpayment. Therefore, we hold that the trial court's finding that Harmon inexcusably failed to report to his probation officer and to pay his financial obligations was not clearly against the preponderance of the evidence. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*C. Brian Williams*, for appellant.

No response.