



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-625

| | |
|---|---|
| JAMIE REYES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 4, 2015<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-12-72 II]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>ORDER REVOKING SIS REVERSED; JANUARY 29, 2013, SENTENCING ORDER REINSTATED AS MODIFIED |

## RITA W. GRUBER, Judge

Appellant Jamie Reyes pleaded guilty in January 2013 to second-degree sexual assault and two counts of failure to appear. The court entered a sentencing order on January 29, 2013, sentencing appellant to concurrent six-year terms of imprisonment on the failure-to-appear convictions and to ten years' suspended imposition of sentence (SIS) on the conviction for second-degree sexual assault, to run consecutively to the two concurrent sentences of imprisonment. One of the conditions of the SIS was that appellant enroll in and complete the Reduction of Sexual Victimization Program (RSVP), which is a course of treatment for sexual offenders incarcerated in the Arkansas Department of Correction. On December 11, 2013, the State filed a petition to revoke appellant's suspension, alleging that he had failed to enroll in and complete the RSVP as ordered. The trial court revoked

appellant's suspended sentence and sentenced him to eight years' imprisonment plus twelve years' SIS. On appeal, appellant argues that the trial court erred in revoking his SIS for failure to complete the RSVP. We reverse the trial court's order revoking appellant's SIS and reinstate the January 29, 2013, sentencing order as modified herein.

A trial court may revoke a defendant's suspension at any time prior to the expiration of the period of suspension if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension. Ark. Code Ann. § 16-93-308(d) (Supp. 2013). This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence. *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419.   On appeal, appellant argues that the evidence was insufficient to prove that he "inexcusably" failed to comply with a condition of his suspension as required for revocation under Ark. Code Ann. § 16-93-308(d). "Forgivable, pardonable, and excusable behavior" does not justify a probation revocation. *Schubert v. State*, 2013 Ark. App. 698, at 4.

The parties do not dispute the facts. Robert Parker, the mental-health administrator for the Arkansas Department of Correction, testified for the State, and appellant testified for the defense. Both confirmed that a program-referral form requesting that appellant be enrolled in the RSVP was completed during appellant's intake process at the ADC in February 2013. According to Mr. Parker, this automatically placed appellant on the waiting list for the program. He stated that the waiting list at the time of the hearing had 1500 inmates. He also testified that it would be difficult for someone with a six-year sentence to

get into the RSVP before they were released. Mr. Parker did not know the average wait time to get into the RSVP, but he confirmed that appellant had been on the waiting list from the time he began his incarceration.

Documents introduced into evidence also established that appellant wrote a note to the ADC mental-health services that was received on June 4, 2013, explaining that he needed to be enrolled in the RSVP "ASAP." The RSVP program administrator sent a response to appellant stating that no one "gets started ASAP" and that he must "wait his turn." The administrator asked for appellant's "TE" date (transfer eligibility) and asked him whether he was sure that he wanted to enroll in the RSVP. Appellant responded on June 16, 2013, explaining that his TE date was January 14, 2014, and that he needed to get into RSVP "ASAP" if he could. The RSVP program analyst responded by letter to appellant on July 8, 2013, stating that his name was on the RSVP waiting list, that the list was ranked by TE dates, and that he did not need to do anything more. On November 26, 2013, appellant was released early from the ADC pursuant to the prison-overcrowding Emergency Powers Act 418 of 1987.[1] At the time he was released, he had not begun the RSVP.

Appellant testified that he was not told that he could remain in the ADC to complete the RSVP rather than be released under the Emergency Powers Act. The State argued in closing that appellant had the opportunity to stay at ADC, enroll in the program, and complete it, which he chose not to do, but the State did not introduce any testimony or

---

[1]Appellant's order of conditional release was subject to parole conditions, including no contact with the victim or victim's family and registration as a sex offender.

3

other evidence to support this argument regarding an inmate's options when ordered released under this Act. Although not a condition of his SIS or parole, appellant testified that his parole officer recommended that he complete a sexual-behavior course with a counselor, which he was doing at the time of the hearing. The court found that a condition of appellant's SIS was completion of the RSVP, that appellant failed to complete the RSVP, and that the only way to complete the RSVP was to be incarcerated; therefore, the court revoked his SIS and sentenced him to eight years' in the ADC plus twelve years' SIS—including a condition that he complete the RSVP—in order to allow him time in the ADC to complete the RSVP.

It is undisputed in this case that appellant did all he could while incarcerated to enroll in the RSVP. Unlike appellant in *Seamster v. State*, 2009 Ark. 258, 308 S.W.3d 567, who never entered or completed the RSVP as required by his SIS conditions because he refused to comply with the RSVP's entry requirements, appellant in this case attempted on several occasions to enroll and to be placed at the top of the waiting list for the RSVP. There was no evidence presented that appellant had the option to stay incarcerated when ordered released under the Emergency Powers Act. Despite making a significant effort to complete a condition of his SIS—enroll in and complete the RSVP—appellant was effectively prevented from doing so by the ADC.[2] This does not provide a basis to revoke his SIS. We hold that the violation was not "inexcusable" and thus does not justify revocation. The trial

---

[2]We note that while the judiciary may order a defendant to enroll in and complete a rehabilitative program while on SIS, it is powerless to ensure that there are adequate resources for a defendant to comply.

court's decision is clearly against the preponderance of the evidence. Accordingly, we reverse the court's order revoking appellant's SIS.

We also hold that appellant's underlying SIS is an illegal sentence. The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal. *State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. *Harness v. State*, 352 Ark. 335, 339, 101 S.W.3d 235, 238 (2003). In Arkansas, sentencing is entirely a matter of statute. *Walden v. State*, 2014 Ark. 193, at 3, 433 S.W.3d 864, 867. In *Walden*, our supreme court interpreted Ark. Code Ann. § 5-4-307(b) as requiring suspended sentences imposed with terms of imprisonment for different crimes to run concurrently. *Id*. at 10–11, 433 S.W.3d at 871. In this case, the court ran the ten-year SIS consecutively to the two six-year terms of imprisonment for three separate crimes. We modify the sentencing order to reflect that the SIS ran concurrently with the two prison sentences imposed; accordingly, appellant's SIS began to run on January 29, 2013, and not on the day he completed his term of imprisonment.

Order revoking SIS reversed; January 29, 2013, sentencing order reinstated as modified.

KINARD and BROWN, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.