SLIP OPINION

Cite as 2015 Ark. 153

# SUPREME COURT OF ARKANSAS

No. CV-14-850

| | | |
|---|---|---|
| ANTHONY WALKER | | **Opinion Delivered** April 9, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-14-59] |
| STATE OF ARKANSAS | | HONORABLE RICHARD LEE PROCTOR, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED. |

**PER CURIAM**

In 2014, appellant Anthony Walker entered a negotiated plea of guilty in the Crittenden County Circuit Court to two counts of robbery. He was sentenced as a habitual offender to consecutive sentences of 300 months' imprisonment for the first count and 300 months' suspended imposition of sentence for the second count. On July 16, 2014, appellant filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court, the county in which he was imprisoned.[1] The circuit court denied the petition, and appellant has lodged an appeal of that order in this court. We reverse and remand.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus proceeding to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of

---

[1]At the time of this decision, appellant remains incarcerated in Lee County.

habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

On appeal, appellant argues that his sentence is illegal because the trial court ordered the sentence of 300 months' imprisonment and the 300-month suspended imposition of sentence to run consecutively. He contends that a suspended sentence imposed with a term of imprisonment for a different crime must run concurrently. In support of his claim, appellant cites Arkansas Statutes Annotated section 41-206(2), codified at the time that appellant committed the crimes as Arkansas Code Annotated section 5-4-307(b)(1)(2) (Repl. 2006), which provides:

> (b)(1) Whether imposed at the same or a different time, multiple periods of suspension or probation run concurrently.
>
> (2) The period of a suspension or probation also runs concurrently with any federal or state term of imprisonment or parole to which a defendant is or becomes subject to during the period of suspension or probation.

Citing *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864 (2014), the State responds that section 5-4-307(b)(2) requires only that a suspended imposition of sentence run concurrent to a term of imprisonment when the defendant becomes subject to the term of imprisonment

based on an offense that arose during the period of suspension. Applying this interpretation, the State argues that the statute did not prohibit the imposition of consecutive sentences here because, rather than being sentenced to a term of imprisonment for a charge that arose during the period of a suspended imposition of sentence, appellant was sentenced to a term of imprisonment and suspended imposition of sentence in one judgment-and-commitment order.

We have repeatedly held that statutory sentencing procedure requires a suspended sentence imposed with a term of imprisonment for a different crime to run concurrently. *See Walden*, 2014 Ark. 193, 433 S.W.3d 864 (holding that, based on an analysis of section 5-4-307, the appellant's suspended sentences for two convictions were illegal based on the statute to the extent that they ran consecutive to the sentence of imprisonment imposed for a third offense); *Gray v. State*, 2014 Ark. 416. 443 S.W.3d 545 (per curiam) (holding that section 5-4-307(b) did not allow the trial court to order the sentence of imprisonment and the suspended imposition of sentence for different offenses to run consecutively); *Hendrix v. State*, 291 Ark. 134, 722 S.W.2d 596 (1987) (holding that section 41-1206, now codified as section 5-4-307, prevents the stacking of periods of suspension or probation). Accordingly, we hold that the trial court did not have the authority to order that the sentence of 300 months' imprisonment run consecutively to the 300 months' suspended imposition of sentence. The result is an illegal sentence, and we reverse the circuit court's order denying habeas relief and remand for resentencing in accordance with this opinion.

The remaining allegations raised by appellant in his brief consist of convoluted and conclusory statements with strings of citations that provide no basis for granting habeas relief.

Appellant alleges that he was illegally sentenced as a habitual offender, that prior convictions establishing his habitual-offender status were not admissible evidence, that he was not "supposed to get" a suspended sentence, that the trial court did not have jurisdiction to "modify" his original sentence, and that he should not have been sentenced for the two counts of robbery at a revocation hearing.[2] These claims fail to address how any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face. A purely conclusory allegation with no facts to establish the merit of the claim is not a ground for a writ of habeas corpus. *Dunbar v. State*, 2015 Ark. 3 (per curiam).

Reversed and remanded.

WOOD, J. dissents.

*Anthony Walker*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

---

[2]The record includes the underlying judgment-and-commitment order, which is marked to indicate that, along with the imposition of sentences for two counts of robbery in case number 18CR-13-738, the revocation of appellant's "probation/SIS" stemming from a felon-in-possession-of-a-firearm conviction in 18CR-06-401 was nolle prossed.