SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-14-993

| | |
|---|---|
| JEFFERY GLEN BRASUELL<br>APPELLANT | **Opinion Delivered:** May 27, 2015 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS.17CR-07-525, 17CR-11-542, 17CR-12-465, MC-11-13] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY RAY COTTRELL, JUDGE |
| | AFFIRMED AS MODIFIED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's order revoking his suspended impositions of sentence (SIS) in case numbers 17CR-07-525, 17CR-11-542, 17CR-12-465, and MC-11-13. On appeal, appellant does not challenge his revocation, but instead argues solely that the circuit court erred in running a two-year SIS consecutively with two terms of imprisonment. We affirm with modification.

Appellant's jail and SIS sentences from the court below are the only issues of pertinence before this court and not his ordered fines, court costs and fees, or restitution. Accordingly, we detail only his jail and SIS sentences.

In case number 17CR-07-525, appellant pled guilty to felon in possession of a firearm, Class D felony; driving while intoxicated fourth offense, unclassified misdemeanor; and driving while intoxicated third offense, unclassified misdemeanor. He was sentenced to two years' imprisonment in the Arkansas Department of Correction

(ADC) plus an additional four years' SIS, on the driving while intoxicated fourth offense charge, an additional six years' SIS on the felon in possession of a firearm charge, and 90 days in jail on the driving while intoxicated third offense charge.

In case number MC–11–13, appellant pled no contest to a new offense of theft of property, which violated the conditions of his SIS in case number 17CR–07–525, thereby receiving a one-year SIS conditioned on good behavior. Following a petition to revoke in case number 17CR–07–525, appellant was sentenced to four years' imprisonment in the ADC plus an additional four years' SIS conditioned on good behavior.

In case number 17CR–11–542, appellant pled guilty to a new offense of Theft of Property, Class A misdemeanor, and was sentenced to a one-year SIS.[1] In case number 17CR–12–465, appellant pled guilty to the new offenses of fleeing, a Class D felony; driving on suspended license, an unclassified misdemeanor; reckless driving, Class B misdemeanor; and unauthorized use of a vehicle, Class A misdemeanor.  Appellant was sentenced to four years' imprisonment in the ADC plus an additional two years' SIS on the Fleeing charge and an additional one-year SIS on each of the remaining charges, to run concurrently. He was also sentenced to ten days in the county jail on the driving with a suspended license charge, 90 days in the county jail on the reckless driving charge, and one year in the county jail on the unauthorized use of a vehicle charge. Each charge, or count, was to run concurrent with the charge(s) before it. The State withdrew its petition to revoke in case number 17CR–07–525 based on the plea in case number 17CR–12–465.

---

[1] A charge of commercial burglary, Class C felony, was nolle prossed.

A little less than six months after being released from the ADC on June 12, 2013, appellant committed the new offenses of commercial burglary, Class C felony, and theft of property, Class A misdemeanor. On December 23, 2013, the State filed a petition to revoke in case numbers 17CR-07-525, MC-11-13, 17CR-11-542, and 17CR-12-465.

The circuit court revoked appellant's SIS in all four cases and imposed sentences accordingly in its order entered on September 16, 2014. In case number 17CR-07-525, appellant was sentenced to four years' imprisonment in the ADC on his driving while intoxicated fourth offense charge and his felon in possession of a firearm charge, to run concurrent to one another. In case number 17CR-12-465, appellant was sentenced to two years SIS on his fleeing charge, to run consecutive to his prison sentences on both of the charges in case number 17CR-07-525. In case number MC-11-13, appellant was sentenced to twelve months SIS on his theft of property charge, to run concurrent with his SIS sentence on his fleeing charge in case number 17CR-12-465. In case number 17CR-11-542, appellant was sentenced to thirty days in the county jail on his theft of property charge, to run concurrent with his SIS sentence in his fleeing charge in case number 17CR-12-465 and his twelve-month SIS sentence in his theft of property charge in case number MC-11-13. This timely appeal followed.

In *Reyes v. State*, this court stated the following:

> The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal. If we hold that a trial court's sentence was illegal and that the error had nothing to do with guilt, but only with the illegal sentence, we can correct the sentence in lieu of remanding. In Arkansas, sentencing is entirely a matter of statute. In *Walden*, our supreme court interpreted Ark. Code

Ann. § 5-4-307(b) as requiring suspended sentences imposed with terms of imprisonment for different crimes to run concurrently.[2]

In this case, the court ran appellant's two-year SIS on his fleeing charge in case number 17CR-12-465, consecutive to his prison sentences on both of the charges in case number 17CR-07-525. We modify the sentencing order to reflect that the SIS in case number 17CR-12-465 ran concurrently with the two prison sentences imposed in case number 17CR-07-525.

Affirmed as modified.

ABRAMSON and GLOVER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.

---

[2] 2015 Ark. App. 55, at 5, 454 S.W.3d 279, 281–82 (2015) (internal citations omitted).