SLIP OPINION

Cite as 2015 Ark. App. 445

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-116

| | |
|---|---|
| TERRY WHITMORE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** September 2, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-12-528]<br><br>HONORABLE JOHN N. FOGLEMAN, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Terry Whitmore appeals the revocation of his probation in case number CR-12-528. Appellant was sentenced to four years in the Regional Correctional Facility (RCF). He argues that the trial court erred in finding that he inexcusably failed to comply with the terms and conditions of his probation. We affirm.

On August 6, 2013, appellant pleaded guilty to theft of property and was sentenced to four years' probation. The State filed a petition to revoke appellant's probation on August 26, 2014, alleging that appellant had violated the terms and conditions of his probation by (1) failing to pay fines, fees, costs, and restitution as directed; (2) failing to report to probation as directed; (3) failing to pay probation fees; and (5) failing to notify the sheriff and his probation officer of his current address and employment.

SLIP OPINION

Appellant's revocation hearing took place on November 10, 2014. At the hearing, Amy Peyton of the Crittenden County Sheriff's Office testified that it was her duty to collect court-ordered fines, costs, fees, and other assessments. She stated that appellant was assessed $250 in fines, $770 in costs, and $2000 in restitution in case number CR–12–528. She said that appellant was to make monthly payments of $50 beginning September 6, 2013. Peyton testified that appellant made payments in September and October but that she had not heard from him since that time.

Constance Brown of the Arkansas Department of Community Corrections testified that she was appellant's probation officer. She stated that she informed appellant of the terms and conditions of his probation at intake on August 8, 2013. She said that appellant reported as directed through March 14, 2014. However, she stated that she had not seen or heard from appellant since that time. Brown testified that she sent appellant a letter on May 7, 2014, concerning his reporting and supervision fees. She stated that she attempted to reach appellant by telephone on May 22, 2014, but was unsuccessful. She said that she also left a message with appellant's reference to have appellant call her, but that she still got no response. She testified that she could not conduct a home study on appellant because he was living in Memphis, and she was not allowed to go to Memphis to conduct home visits. Brown stated that a violation report was submitted on August 20, 2014, because she had not had any contact with appellant since March. She said that appellant still owed $245 in probation fees.

On cross-examination, Brown stated that she mailed the letter to the address on file, which was 1250 Forrest in Memphis. She said that she believed appellant's reference was

named Wes or something similar to that. She testified that the last employer she had for appellant was the Nike warehouse in Memphis. She stated that in February 2014 appellant mentioned possibly getting another job, but he was working at Nike at that time. She testified that she talked to appellant about getting his probation transferred to Tennessee, but he declined because he was planning on moving back to Arkansas. She said that appellant reported for seven months.

On redirect, Brown stated that a MATA bus runs in front of her office.

Appellant testified that when he stopped reporting, he was working at Nike through Randstad. He stated that he lost that job after Randstad lost the contract and Seymour took over because Seymour ran a background check on all employees. Appellant said that he had been unable to find employment due to his felony. He stated that before losing his job in March, his weekly take-home pay was between $285 and $300. He testified that he paid $100 a month for rent and that he also paid the light bill. Appellant stated that he stopped paying as ordered because his hours had been cut between February and March. He admitted that his hours had not been cut in November and December. According to appellant, he could not pay $50 a month after October because he was helping his daughter with her grandchild. He stated that he had caught a ride to the probation office on the dates he reported. He testified that he stopped reporting because he was trying to find a job. Appellant confirmed that he still lived at the address listed in his file. He stated that his aunt was "mental" and that she was the one who checked the mailbox. He denied receiving any letters from his probation officer. He also stated that he did not receive word from his

reference, Wesley Woodlet, that his probation officer was trying to locate him. Appellant stated that his cell phone was currently off because he could not afford to pay the bill. He asked that he be allowed to stay on probation. He acknowledged that there is a bus he could catch to see his probation officer.

On cross-examination, appellant stated that he would report as directed and that he would also make the required payments.

The trial court revoked appellant's probation based on (1) his failure to report to his probation officer as directed and (2) his failure to pay his fines, costs, and fees. The court specifically noted appellant's failure to make payments as ordered between November and January. He was sentenced to four years' imprisonment at RCF. This appeal followed.

In a hearing to revoke probation, the State must prove by a preponderance of the evidence that the defendant inexcusably violated a condition of his probation.[1] The State need only prove that the defendant committed one violation of the conditions.[2] We will reverse an order of revocation only if the trial court's findings are clearly against the preponderance of the evidence.[3] We defer to the trial court's superior opportunity to assess the credibility of the witnesses in determining where the preponderance of the evidence lies.[4]

---

[1]Ark. Code Ann. § 16-93-308(d) (Supp. 2013).

[2]*Hill v. State*, 2012 Ark. App. 493.

[3]*Id.*

[4]*Id.*

SLIP OPINION

Appellant argues that the trial court erred in revoking his probation because his failure to report and to pay fines, costs, and fees was excusable due to his attempt to help raise his great-granddaughter, pay his rent, and pay the light bill. In addition, he contends that his subsequent job loss due to his felony status only impeded his ability to make the necessary payments because he was without money, transportation, and telephone services.

Appellant testified that he usually caught a ride to report to his probation officer. He admitted that he did not report after he lost his job. He stated that he no longer reported because he could not try to find a ride while attempting to secure employment. This was enough to support the court's finding that appellant inexcusably failed to report to his probation officer as directed. Since only one violation is necessary to support a revocation, we do not address the second ground given for revoking appellant's probation.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Taylor Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.