

Cite as 2017 Ark. App. 5

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–16–315

| | |
|---|---|
| HERBERT PARMER, JR.<br><br>APPELLANT | **OPINION DELIVERED:** January 18, 2017<br><br>APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT<br>[NO. 29CR-13-5-1] |
| V. | HONORABLE RANDY WRIGHT, JUDGE |
| STATE OF ARKANSAS<br><br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## ROBERT J. GLADWIN, Judge

This is a no-merit appeal from the revocation of appellant Herbert Parmer, Jr.'s, probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) (2016) of the Rules of the Arkansas Supreme Court and Court of Appeals, Parmer's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The motion is accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal and a statement of reasons why none of those rulings would be a meritorious ground for appeal. Parmer has filed pro se points for reversal, and the State has filed a brief asserting that his arguments are either barred or without merit. We affirm and grant counsel's motion to withdraw.

Parmer pled no contest on September 16, 2013, to delivery of methamphetamine, was sentenced to ten years' probation, and ordered to pay a fine, costs, and fees. Parmer was subject to conditions of probation filed on October 10, 2013. The State filed a petition

to revoke on November 21, 2014, and alleged that Parmer had violated his probation conditions by testing positive or admitting to having used methamphetamines on May 8, 2014, June 16, 2014, July 15, 2014, and August 11, 2014. Parmer also had failed to graduate from a substance-abuse education class because he had not been able to pass a drug test. Further, it was alleged that Parmer had failed to report as directed for a substance-abuse education class. Finally, it was alleged that Parmer had been directed to report to probation on May 6, 2014, and he had failed to do so.

The State filed a second petition for revocation on June 9, 2015, alleging that Parmer had violated his probation by offering a urine specimen that was not his for drug testing. That sample was cold and tested negative for illicit drugs. The second test he took that day tested positive for amphetamines.

The State filed an amended petition for revocation on October 19, 2015, and re-alleged the violations as set forth in the previous two petitions. The State included that Parmer had graduated from the substance-abuse education class on January 5, 2015, and Parmer had not reported to his probation officers from June 2, 2015, to October 6, 2015, when he had been released from jail. The State filed another amended petition on November 5, 2015, and added that on October 20, 2015, and October 21, 2015, Parmer had tested positive for methamphetamines.

At the revocation hearing held January 19, 2016, Christian Williams testified that he was Parmer's parole officer and that Parmer had tested positive or had admitted to having used drugs as stated on the alleged dates in the petitions for revocation. He said that Parmer

had tested positive for drugs seven out of twelve times. Williams also testified regarding the drug test for which Parmer had provided someone else's urine for testing.

Parmer testified that he agreed with all the testimony provided by Williams and admitted having a drug problem. He asked the circuit court for help in being placed in a rehabilitation program. He admitted testing positive the last time he had appeared in court, that he had a drug problem, and that he had been lying. He admitted bringing in someone else's urine to be tested and said he had been jailed for seven days as a result. Mallory Evans testified that she worked for Arkansas Community Correction, that she had read the results of the drug test done on Parmer on the day of trial, and that it was negative, "but the faint line would make me think that he had used in the past three or four days."

The trial court found that the allegations in the revocation petition were true and sentenced Parmer to four years in the Arkansas Department of Correction with a judicial transfer to the Regional Punishment Facility. This timely appeal followed.

Counsel contends that there are no nonfrivolous issues that would support an appeal in this case. We agree. Counsel discusses the sole objection that was raised during the hearing. When the State moved to introduce State's Exhibit 2, which was a collective bundle of certified copies of Parmer's convictions in Texas, the following colloquy occurred:

| | |
|---|---|
| DEFENSE COUNSEL: | The only thing I've got to say about that, Your Honor, is those cases are ten years old, eleven years old. |
| THE COURT: | I mean they wouldn't be for purposes of finding guilt at all. They would be purposes [sic] of the Court's consideration what to do in this matter. |
| DEFENSE COUNSEL: | Right. |
| THE COURT: | For that reason, that would be the only reason I'm . . . |

| | |
|---|---|
| DEFENSE COUNSEL: | That's the only reason I mentioned it, Judge, because nobody is the same person they were ten years ago. That's all I'm saying. |
| THE COURT: | I'll look at them. I'll weigh them as a trier of fact. State's Exhibit 2. |

Counsel contends that, according to Arkansas Code Annotated section 16-93-307(c)(2) (Repl. 2016), the circuit court permitted the introduction of relevant evidence of the alleged violation, and no error occurred. Counsel also outlines the revocation petitions and the testimony as set forth above. He refers to State's Exhibit 1, which showed that Parmer had been convicted of possession of a controlled substance on September 15, 2015, and State's Exhibit 2, which showed Parmer's prior convictions.

Counsel asserts that the four-year sentence with a judicial transfer to the Regional Punishment Facility was well within the trial court's authority. Upon revocation, Arkansas Code Annotated section 16-93-308 (Repl. 2016) provides that the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. *See Maldonado v. State*, 2009 Ark. 432, at 3. A Class C felony exposes a defendant to not less than three years and no more than ten years' imprisonment. Ark. Code Ann. § 5-4-401 (Repl. 2013). Because the four-year sentence with a judicial transfer to the Regional Punishment Facility was less than the ten-year maximum sentence for a Class C felony, Parmer could not establish a prejudicial error in sentencing. *See Hurst v. State*, 2014 Ark. App. 710, 453 S.W.3d 155.

Probation may be revoked upon a finding by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. *Harmon v. State*, 2015 Ark. App. 18, 453 S.W.3d 172. On appeal, a revocation will not be overturned unless the decision is clearly against the preponderance of the evidence. *Id.* Deferring to the trial court's superior opportunity to assess the credibility of the witnesses, *Whitmore v. State*, 2015 Ark. App. 445, the trial court did not err in finding that there was sufficient evidence to determine that Parmer had violated the conditions of his probation.

In his pro se points for reversal, Parmer argues that his lawyer was inadequate. He complains of his lawyer's failure to object when the probation officer testified that, even though Parmer passed the drug test, it was her opinion that he had failed it. He also complains that his lawyer had allowed a misdemeanor to be used against him during his first and second revocation hearings. He refers to an appeal of the misdemeanor charge. He complains that he had been unprepared for the hearing, as his counsel had not notified him in a timely way. He also complains about videotaped evidence and that his sentence "is much longer than most as I will do 50% of a 4-year sentence." However, Parmer's failure to cite any authority or convincing argument in support prevents this court from reaching the issues. *See, e.g.*, *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, *supra*; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous.

CR-16-315

*Anders*, *supra*; *Eads*, *supra*. Pursuant to *Anders*, we are required to make a determination of whether the case is wholly frivolous after a full examination of all the proceedings. *Id.* Having fully examined the record, we hold that counsel has complied with the requirements of Rule 4–3(k)(1) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and the revocation is affirmed.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda S. Jegley*, Ass't Att'y Gen., for appellee

CR–16–315