--------
N. MARK KLAPPENBACH, Judge *766 Doriane Clentail Norton appeals from a ruling of the Miller County Circuit Court that revoked his probation. In 2016, Norton pled guilty to eighteen counts of breaking or entering under Arkansas Code Annotated section 5-39-202 and two counts of theft of property under section 5-36-103(b) to receive a total probationary sentence of 120 months.[1] The State petitioned to revoke Norton's probation in September 2017, alleging that Norton had been charged with two Class D felony counts of delivery of methamphetamine; had failed to pay fees, fines, and costs; and had failed to report to his probation officer as required under the terms of his probation.
The circuit court conducted a bench hearing on September 14, 2017, where Detective Jesse Grigsby testified that Norton, who was known to the Bi-State Narcotics Task Force, was the individual who sold methamphetamine to a confidential informant on two occasions in Texarkana. Jo Frederickson, Norton's probation officer, also testified at the hearing regarding the terms of Norton's probation and alleged violations. Norton testified on his own behalf, maintaining that he did not sell the methamphetamine and that the other violations were excusable. Upon the conclusion of the testimony, the court revoked Norton's probation, finding that Norton had violated the terms of his probation by failing to report, failing to pay fines, and committing two felony counts of delivery of methamphetamine.
The circuit court then imposed on Norton a prison sentence totaling one hundred years (ten years on one charge and six years each on fifteen charges) and an additional six-year suspended imposition of sentence ("SIS") on the remaining charges of theft and breaking or entering. Specifically, the court ordered that charges one through sixteen "run consecutive with each other, which will give you a general sentence of 100 years[,]" and for "[c]ounts 17, 18, 19, and 20, the court gives you a six year suspended imposition of sentence, so when you get out, you can take care of paying back the people that you stole from[.]" Amended sentencing orders were filed on September 27, 2017, to reflect this ruling, with a note explaining that "[c]ounts 1-16 shall run consecutively, counts 17-20 shall run concurrent with each other but consecutive to counts 1-16. Must pay all previously assessed fines, costs, restitution, etc. upon release."
Norton now appeals from the revocation. Norton's counsel has submitted a no-merit brief and motion to be relieved as counsel pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, asserting that the appeal is wholly without merit because there are no nonfrivolous arguments to be made, and therefore, the revocation order should be affirmed. See, e.g. , Parmer v. State , 2017 Ark. App. 5, 2017 WL 203344. Norton has filed pro se points, and the State has filed a brief in response. However, because there is a nonfrivolous argument to be made for Norton on appeal, we deny counsel's motion to *767 withdraw and order rebriefing in adversary form.
In considering a no-merit brief, the court of appeals must determine whether, after a full examination of the proceedings, there is any nonfrivolous reason for appeal. Parmer , 2017 Ark. App. 5, at 5 (citing Anders, supra ). A no-merit brief must provide a "full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous." Reed v. State , 2013 Ark. App. 432, at 3, 2013 WL 3282947 (citing Wakeley v. State , 2012 Ark. App. 448, at 2-3, 2012 WL 3744705 ). Arkansas Supreme Court Rule 4-3(k)(1) requires that a no-merit argument address and discuss all adverse rulings made by the circuit court on the defendant's objections, motions, and requests, and explain "why each adverse ruling is not a meritorious ground for reversal." Reed , 2013 Ark. App. 432, at 3-4.
"The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal." Reyes , 2015 Ark. App. 55, at 5, 454 S.W.3d at 281 (citing State v. Webb , 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) ); Cheater v. State , 2010 Ark. App. 652, at 3, 2010 WL 3902649.
In the present case, upon revoking Norton's probation, the circuit court imposed the maximum allowable term (six years) on fifteen counts of breaking or entering, the maximum allowable term for the theft-of-property count (ten years), and added the remaining counts as an SIS to run consecutive to the first sixteen counts. That is, Norton would begin the six-year suspended sentence upon his completion of the total prison term for the sixteen counts of breaking or entering and theft. Pursuant to the cases above, this sentencing arguably violates Arkansas Code Annotated section 5-4-307, because it has imposed an SIS consecutive to other terms of imprisonment.
We find the present case to be similar to Reed v. State , 2013 Ark. App. 432. In Reed , which also involved a revocation, the appellant's counsel submitted a no-merit brief, arguing that there were no nonfrivolous arguments that could be made on appeal. Although counsel adequately explained that there were no adverse evidentiary rulings during the revocation hearing, our court ordered rebriefing in adversary form because counsel did not address the appearance of an illegal sentence imposed by the circuit court below. Id. at 5.
In the present case, although Norton's counsel has adequately addressed the adverse rulings from the revocation hearing, *768 counsel does not address any issue of sentencing in his no-merit brief. Because the issue of an illegal sentence is an argument that can be raised at any time, this issue should have been addressed by Norton's counsel. Accordingly, we deny counsel's motion to withdraw and order rebriefing in adversary form.
Rebriefing ordered; motion to withdraw denied.
The original sentencing orders show that each of these counts was set as a seventy-two-month probation to run concurrently with each other, with the exception of the theft charge under section 5-36-103(b), which was set as a 120-month probation, also to run concurrently.