ROBERT J. GLADWIN, Judge
This is a no-merit appeal from the revocation of appellant Andrew Logan Wilson's probation and suspended imposition of sentence in three cases by the Crittenden County Circuit Court for which he was sentenced to twenty-six years in the Arkansas Department of Correction, followed by ten years' suspended imposition of sentence (SIS). Pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4-3(k) (2017) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court provided appellant with a copy of *342 his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant did not file pro se points, and as a consequence, the attorney general has not filed a brief in response.
As this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. See Anders , supra ; Ark. Sup. Ct. R. 4-3(k)(1) ; Eads v. State , 74 Ark. App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. See Anders , supra ; Eads, supra. Pursuant to Anders , we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. See also Eads, supra. Because there is a nonfrivolous argument to be made for appellant on appeal, we deny counsel's motion to withdraw and order rebriefing in adversary form.
Appellant pled guilty in 2011 to residential burglary and received 60 months' probation. That probation was revoked, and appellant was sentenced on September 14, 2012, to 120 months' imprisonment and 120 months' SIS after a negotiated guilty plea and sentencing for residential burglary, theft of property, and possession of a firearm by a felon. Appellant pled guilty on October 30, 2015, to delivery of a counterfeit substance, and he was sentenced to 60 months' SIS.
In a revocation petition filed November 27, 2017, the State alleged that appellant had violated the terms and conditions under which he received the probation and SIS as set forth above by failing to pay fines, costs, and fees; failing to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal laws; failing to report to his probation officer as directed; and committing aggravated robbery on March 31, 2017.
At the revocation hearing held on December 4, 2017, appellant's probation officer testified along with two witnesses, Ashley Sumner and Alisha Dorsey, who alleged that appellant had used a gun when he robbed Sumner of money and marijuana.[1] The circuit court denied appellant's directed-verdict motion. Thereafter, appellant testified about his previous criminal charges and sentences. He admitted stealing marijuana from Sumner but stated that she had been mad at him for stealing her weed, so she filed a false police report that he had stolen her money and phone. He also admitted that he was "guilty of missing a few visits" with his parole officer. He testified about his income and expenses, concluding that his expenses exceed his income by twenty dollars each month; thus, he claimed that he was unable to pay his fines and fees.
Appellant renewed his motion for directed verdict on the same grounds, and the court denied the motion. The circuit court found by a preponderance of the evidence that appellant had inexcusably failed to comply with the conditions of probation and SIS in his three cases: Nos. CR-15-762, CR-12-600, and CR-10-1541. First, the court found that appellant had failed to pay all fines and costs, citing the evidence of no payments in each case. Second, the court found that he had failed to report to probation as directed, citing appellant's admission of absconding, both at the revocation hearing and in sworn testimony in a *343 separate parole proceeding. Third, the court found that appellant failed to live a law-abiding life, be of good behavior, and not violate any state, federal, or municipal law by stealing marijuana from Sumner. The court also found that, based on the adamant, unequivocal, detailed, and credible testimony of Dorsey and the adamant, consistent, unequivocal, and detailed testimony of Sumner, appellant purposely pointed a gun at Dorsey and threatened her safety and that he stole marijuana, a cell phone, and $600 in cash from Sumner. The court noted that appellant conceded he had contacted Sumner for the exchange of marijuana and that the deal had gone bad.
The circuit court noted the range of punishment for the matter was from five to forty-six years; waived all previous fines and costs in each case; sentenced appellant to 120 months' imprisonment in case number CR-15-762 (delivery of a counterfeit substance); sentenced appellant to 72 months' imprisonment and 120 months' SIS in case number CR-12-600 (theft; felon with a firearm); sentenced appellant to 120 months' imprisonment in case number CR-10-1541 (residential burglary); and ordered that the sentences be served consecutively. Appellant filed a timely notice of appeal.
In compliance with the directive in Anders and Rule 4-3(k), counsel claims that he has thoroughly examined the record of this proceeding but found no error that would support an appeal. However, in a strikingly similar case, this court recently stated as follows:
"In Arkansas, sentencing is entirely a matter of statute." Reyes v. State , 2015 Ark. App. 55, at 5, 454 S.W.3d 279, 281 (citing Walden v. State , 2014 Ark. 193, at 3, 433 S.W.3d 864, 867 ). "The decision to impose consecutive or concurrent sentences lies solely within the province of the trial judge, and the appellant assumes a heavy burden of showing that the trial judge failed to give due consideration in the exercise of that discretion." Maldonado v. State , 2009 Ark. 432, at 3, 2009 WL 3047345 (citing Smith v. State , 354 Ark. 226, at 248, 118 S.W.3d 542, 555 (2003) ). However, the Arkansas Supreme Court has held that Arkansas Code Annotated section 5-4-307(b) requires that suspended sentences imposed with terms of imprisonment for different crimes run concurrently, not consecutively. Dodds v. State , 2018 Ark. App. 86, at 4, 543 S.W.3d 513 (citing Limbocker v. State , 2016 Ark. 415, at 2-3, 504 S.W.3d 592, 593 ); Walker v. State , 2015 Ark. 153, at 3, 459 S.W.3d 300, 302. This rule holds true whether the sentences are imposed at the same time or a different time. Ark. Code Ann. § 5-4-307(b)(1) (Repl. 2006).
"The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal." Reyes , 2015 Ark. App. 55, at 5, 454 S.W.3d at 281 (citing State v. Webb , 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) ); Cheater v. State , 2010 Ark. App. 652, at 3, 2010 WL 3902649.
Norton v. State , 2018 Ark. App. 370, at 4, 553 S.W.3d 765, 767.
As in Norton , counsel's no-merit brief in the instant matter addresses all the adverse rulings except for any argument related to sentencing. The circuit court denied appellant's request to run his sentences concurrently. Further, the circuit court sentenced appellant to consecutive terms of imprisonment and SIS for different crimes. Appellant was sentenced to 120 months' imprisonment for residential burglary; 72 months' imprisonment for theft of property; 120 months' SIS for possession of a firearm by a felon; and 120 months' imprisonment for delivery of a counterfeit substance. These sentences *344 were consecutive to each other. Because this sentencing imposed an SIS consecutive to other terms of imprisonment, counsel is required to address whether appellant's sentencing is in violation of Arkansas Code Annotated section 5-4-307 (Repl. 2013). Further, the issue of an illegal sentence is an argument that can be raised at any time. Accordingly, we deny counsel's motion to withdraw and order rebriefing in adversary form.
Rebriefing ordered; motion to withdraw denied.
Virden and Whiteaker, JJ., agree.

The witnesses' testimony was that Wilson pointed a gun at one while robbing the other. Their testimony differed in that Sumner alleged that Wilson stole money and a cell phone, while Dorsey alleged that Wilson stole money and marijuana.