Cite as 2021 Ark. App. 18

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-923

|  |  |
|---|---|
| WILLIAM STERLING COOK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 13, 2021<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. 56CR-17-309]<br><br>HONORABLE PAMELA HONEYCUTT, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

Appellant William Cook appeals from the Poinsett County Circuit Court's revocation of his probation. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(k), stating there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal; he has declined to do so. We hold that counsel's no-merit brief fails to address all adverse rulings and therefore is not in compliance with *Anders* and Rule 4–3(k). Accordingly, we order rebriefing and deny counsel's motion to withdraw.

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions,

---

[1]386 U.S. 738, (1967).

and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal."[2] The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw.[3] Pursuant to *Anders*, we are required to determine after a full examination of all the proceedings, whether the case is wholly frivolous.[4] A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required.[5]

Our careful review of the record demonstrates that while counsel did adequately address the sufficiency of the evidence supporting the circuit court's decision to revoke appellant's probation, there is an adverse ruling that counsel failed to address. At the conclusion of all testimony, the circuit court found that the State proved by a preponderance of the evidence that appellant had violated multiple conditions of his probation. The State then suggested a sentence of forty-eight months' incarceration. Appellant's counsel responded by requesting a lesser sentence of thirty-six months' imprisonment in the Arkansas Department of Correction. The circuit court denied the request for a lesser sentence by sentencing appellant to serve a term of sixty months' incarceration. Counsel failed to address

---

[2]Ark. Sup. Ct. R. 4–3(k)(1).

[3]*Vail v. State*, 2019 Ark. App. 8.

[4]*T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

[5]*Riley v. State*, 2019 Ark. 252.

2

this adverse ruling and explain why it would not be a meritorious ground for reversal on appeal.

Counsel is encouraged to review *Anders*, *supra*, and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules.[6] After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON, C.J., and GLADWIN, J., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

One brief only.

---

[6]*See* Ark. Sup. Ct. R. 4–2(b)(3).