Cite as 2023 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV

**No.** CR–22–523

| | |
|---|---|
| ERIC ROMAR STANLEY<br><br>                              APPELLANT<br><br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>                              APPELLEE | **Opinion Delivered** February 15, 2023<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-20-421]<br><br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br><br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

This no-merit appeal stems from the Miller County Circuit Court's revocation of appellant Eric Stanley's probation. Pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(b), appellant's counsel has filed a motion to withdraw and a no-merit brief stating there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant, informing him of his right to file pro se points for reversal; however, he has not filed pro se points. The State has not filed a brief in response to counsel's motion. From our review of the record and the brief presented, we hold that counsel's brief is in compliance with the directives of *Anders* and Rule 4–3(b)(1) and that there are no issues of arguable merit to support an appeal.

---

[1]386 U.S. 738 (1967).

Accordingly, we affirm the revocation of appellant's probation and grant counsel's motion to withdraw.[2]

Appellant negotiated a plea of guilty for the underlying charge of possession of a controlled substance Schedule I, II excluding methamphetamine and cocaine on January 25, 2021. The sentencing order filed on February 3 indicates that appellant received six years' probation. The terms and conditions of his probation prevented him from committing an offense against the laws of this or any other State, or the United States; and from the use of alcoholic beverages or the manufacture, possession, use, sale, or distribution of a controlled substance, narcotic drug, or drug paraphernalia. He was also required to pay his court-ordered financial obligations. The State filed an amended petition to revoke appellant's probation on May 10, 2022, alleging that appellant had violated the above-mentioned conditions.[3]

The revocation hearing took place on May 26, 2022. Officer Teresa Atkins testified that she is appellant's probation officer. She stated that appellant still had an outstanding balance of $2,450; he had committed a new misdemeanor (criminal trespass); and he was in possession of a controlled substance Schedule I, II excluding meth and cocaine. On cross-examination, she stated that appellant had one positive drug test, but his probation was not being revoked for that test. She said that appellant told her that he was in school, but he

---

[2]This case is a companion case to another criminal case, No. 46CR-19-331, which we also hand down today. *See Stanley v. State*, 2023 Ark. App. 79.

[3]An earlier petition filed on March 30 alleged the same violations.

never presented any verification. On redirect, Atkins stated that she did not know of any physical reason appellant could not work.

Officer Daniel Thomas testified that he was dispatched to the Villa Apartments due to a disturbance on March 12. He said that when he arrived, he saw appellant in front of apartment 106 yelling and causing a disturbance. He stated that he learned appellant had been banned from the complex on March 3. He said that he asked appellant to put his hands behind his back so that he could be placed in handcuffs for safety purposes. He then asked appellant if he had anything illegal on his person to which appellant replied that he had some ecstasy. Two and a half pills were found in appellant's right sock. Appellant was subsequently arrested.

Appellant testified that he was taking online classes for Christian leadership at Shore College. He said that he was in the middle of midterms when he was arrested. When asked why he had not been making his court-ordered payments, he replied that he was getting around to it. He said that he was paying his supervision fees as he worked full time and took online classes. He stated that on March 12, he had been kicked out of his grandmother's house and went to his girlfriend's apartment to retrieve some personal items, although he had previously been banned from the apartment complex. He said that he purchased pills to "stay and move through the night" because he did not want to freeze to death. He said that he takes the pills recreationally but also uses them to self-medicate for schizophrenia and bipolar disorder. He admitted that taking ecstasy is a violation of his probation. On cross-examination, appellant conceded that between 2019 and 2022, most

3

of his criminal problems stemmed from his possession of ecstasy. He agreed that he had been banned from the apartment complex about ten days before his new arrest.

The court found that appellant had violated the terms and conditions of his probation by violating Arkansas state law. Appellant was sentenced to six years' imprisonment in the sentencing order filed on June 13.[4] He filed a timely notice of appeal the next day. This appeal followed.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation as alleged in the revocation petition by a preponderance of the evidence, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence.[5] The State need only show that the appellant committed one violation in order to sustain a revocation.[6]

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing.[7] Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings.[8]

---

[4]He was also assessed additional court costs and fees.

[5]*Dawson v. State*, 2016 Ark. App. 558.

[6]*Id.*

[7]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

[8]*T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160.

The record demonstrates that counsel abstracted and addressed the sufficiency of the evidence supporting the circuit court's decision to revoke appellant's probation, which was the court's sole adverse ruling. Appellant's probation was premised on not breaking any laws and not using or possessing any narcotics. The testimony clearly shows that appellant committed new offenses (criminal trespass and possession of a controlled substance). Appellant also admitted taking ecstasy and conceded that this, too, is a probation violation. Accordingly, there was sufficient evidence for the circuit court to find by a preponderance of the evidence that appellant had violated a condition of his probation.

From our review of the record and the brief presented, we hold that counsel has complied with the requirements of Anders and Rule 4-3 and that any appeal would be wholly without merit. Therefore, we affirm appellant's revocation, and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON, KLAPPENBACH, and HIXSON, JJ., agree.

HARRISON, C.J., and VIRDEN, J., dissent.

**BRANDON J. HARRISON, Chief Judge, dissenting**. Four no-merit revocation appeals from the Miller County Circuit Court concern two appellants, Lacey and Stanley.[1] Lacey was under two probated sentences for Class D felonies that were revoked in a consolidated hearing. The same was true for Stanley. In all four cases, the circuit court assessed $150 court costs, a $40 administrative booking fee, and a $100 "bailiff fee" in the

---

[1]There are three companion cases to this one: *Lacey v. State*, 2023 Ark. App. 85; *Lacey v. State*, 2023 Ark. App. 87; and *Stanley v. State*, 2023 Ark. App. 79.

original judgment. Then it added new court costs and fees, in the same amounts, in each revocation sentence—with a directive to pay all previously imposed fines, fees, and costs upon release.

Lacey and Stanley were represented below by a full-time public defender. On appeal, they are represented by the same attorney, who was substituted for the public defender to handle these appeals (with the circuit court's prior blessing). He has moved to withdraw from each of the four cases without filing a merit brief. I would deny the motions and order rebriefing. Appellate counsel should be ordered to address the legality (or illegality) of the sentences imposed in the revocation proceedings because they present nonfrivolous questions concerning the application of the *Anders*-review process. *See Anders v. California*, 386 U.S. 738 (1967).

That law, as clear as it is ample, rejects the majority's decision to relieve counsel now. First, there is this important statute: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with [Chapter 4 of the Criminal Code.]" Ark. Code Ann. § 5-4-104(a) (Supp. 2021). A sentence that deviates from that statutory authority—whether more severe, more lenient, or different in character—is an illegal sentence, is it not?

> In Arkansas, sentencing is entirely a matter of statute. In stating this general rule, this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. Specifically, where the law does not authorize the particular sentence pronounced by the trial court, the sentence is unauthorized and illegal.

*Richie v. State*, 2009 Ark. 602, at 7, 357 S.W.3d 909, 913 (citations omitted).

Second, the statutory constraints apply to every kind of sentence, including the assessment of fees and court costs. *See Hayes v. State*, 2020 Ark. 297 (reversing and remanding to reduce a $165 court-cost assessment to $150). Indeed, the General Assembly has expressed the need for uniformity and limited fees and court costs to those it has specifically authorized. See, for example, the codified intent of Act 1256 of 1995, "An Act to Provide for Uniform Filing Fees and Court Costs; and for Other Purposes":

> It is hereby found by the General Assembly that the current system of funding the state judicial system has created inequity in the level of judicial services available to the citizens of the state. It is further determined that the current method of financing the state judicial system has become so complex as to make the administration of the system impossible. . . . .

> It is, therefore, the intent of this act to eliminate the current system of collecting and assessing a large number of individual court costs and filing fees, to replace it with uniform costs and fees to be applied statewide, and to prohibit the implementation of new costs and fees for specific programs in the future.

Ark. Code Ann. § 16-10-301(a) & (b) (Repl. 2010). Apart from the exceptions identified in Act 1256 of 1995, "all filing fees and all court costs shall be uniform for each type of case in all general and limited jurisdiction courts of this state." Ark. Code Ann. § 16-10-302(a) (Repl. 2010).

Third, before granting counsel's motion to withdraw on an *Anders* review, we must thoroughly review the whole record for missed issues, *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001)—including nonfrivolous challenges to a sentence. Our supreme court has made this clear. This court has recognized as much. *E.g.*, *Norton v. State*, 2018 Ark. App. 370, at 5, 553 S.W.3d 765, 768 ("Because the issue of an illegal sentence is an argument that can be raised at any time, this issue should have been addressed by Norton's counsel.

7

Accordingly, we deny counsel's motion to withdraw and order rebriefing in adversary form."). We have, in fact, alerted to illegal-sentence issues on *Anders* reviews many times before.[2] It is hard to know just how many prior *Anders* cases today's majority decision violates, without explanation. "A lot" will have to do for now.

Consider *Richie*, the supreme court opinion quoted above that tells us "sentencing is entirely a matter of statute." It started as a no-merit revocation appeal in this court. 2009 Ark. App. 522, 337 S.W.3d 529. We denied counsel's motion to withdraw and ordered briefing on the legality of the sentence. The supreme court accepted certification of the briefed appeal, and it held that the circuit court had illegally sentenced the appellant to submit to drug-and-alcohol counseling during imprisonment. 2009 Ark. 602, at 9–12, 357 S.W.3d at 914–15. It did not matter that the defendant had not made that argument below, for it was "well settled that an appellant may challenge an illegal sentence for the first time

---

[2]*Wilson v. State*, 2019 Ark. App. 7, at 5–6, 569 S.W.3d 340, 343–44 (denying motion to withdraw in a revocation appeal when the no-merit brief "addresse[d] all the adverse rulings except any argument related to sentencing"); *Norton*, *supra*; *Wakeley v. State*, 2012 Ark. App. 448, at 2–3 ("In furtherance of the goal of protecting constitutional rights, it is the duty of both counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. . . . [W]e have identified at least one issue—an illegal sentence—that prevents us from affirming this case and granting counsel's motion to withdraw."); *Runion v. State*, 2012 Ark. App. 30 (same); *Burton v. State*, 2012 Ark. App. 49 (same); *Weaver v. State*, 2012 Ark. App. 449 (same in appeal from conviction at trial); *Tijerina-Palacios v. State*, 2012 Ark. App. 444 (same); *Parmley v. State*, 2011 Ark. App. 461 (same); *Stribling v. State*, 2011 Ark. App. 386 (same); *see also Reed v. State*, 2013 Ark. App. 432 (denying motion to withdraw in revocation appeal where counsel's illegal-sentence analysis incorrectly relied on authority for sentencing habitual offenders); *Carroll v. State*, 2013 Ark. App. 640 (granting motion to withdraw in revocation appeal but modifying the judgment to delete an illegal sentence that the court raised on its *Anders* review); *Cline v. State*, 2011 Ark. App. 315, at 6 (The court, on its own initiative, modified a judgment and struck as illegal a "special condition.").

on appeal," because the supreme court "views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, which [it] may review whether or not an objection was made in the trial court." *Id.* at 4, 357 S.W.3d at 912 (citations omitted).

The statutory authority to impose these fees and costs in this setting seems doubtful, and surely is not a frivolous question under *Anders* and many of this court's cases. Because *Anders* requires more from counsel, I respectfully dissent from the majority's decision to end the case now and permit the withdrawal.

## I. *Bailiff Fee*

What is the bailiff fee, and did the circuit court have the authority to impose it? Recall that in all four cases, the circuit court wrote in a one-hundred-dollar "bailiff fee" in the original sentencing order and another in the revocation sentencing order in the box of the uniform sentencing order marked "Other." Although authorizing statutes for the fees and court costs in the uniform sentencing order are not listed, one can find them "in the books." I could not, however, find a statute that specifically authorizes a bailiff fee. The circuit court did not cite any authority for assessing one. Proving with certainty that something does not exist can be difficult. But counsel's duty under *Anders* was the opposite: to prove the *existence* of authority for the bailiff fee so that appealing it would have been "wholly frivolous." Whether the bailiff fee is authorized is a question counsel should address, while having in mind that only a statute can authorize such a fee.

## II. *Court Costs*

Would it be "wholly frivolous" to argue that new court costs cannot be imposed at revocation? No. Court costs are imposed "upon each conviction, each plea of guilty or

9

nolo contendere, or each forfeiture of bond" in an amount determined by the grade of offense and the court where sentence is imposed. Ark. Code Ann. § 16-10-305(a) (Supp. 2021). For a "felony violation of state law," the amount is $150. *Id.* § 16-10-305(a)(1). The "conviction" in a probation case is the offense for which the court originally imposed probation. Revocation is a proceeding to modify that original sentence,[3] and a finding that the defendant violated conditions of probation *is not* a new conviction even if the violation was committing a new crime. *See Bennion v. State*, where we held that adding a no-contact order at revocation was illegal because the "convictions" that determined the sentencing options were the original convictions, not the new criminal conduct proved at revocation. 2022 Ark. App. 290, at 10–11, 645 S.W.3d 37, 43–44.

Similarly, in *Simpson v. State*, a recent parolee's suspended imposition of sentence was revoked after the circuit court heard proof that he had, among other things, stolen a truck from a body shop and caused $585 in damage to it. 2010 Ark. App. 33. Upon revocation, the circuit court ordered him to pay $585 in restitution. The appellant's counsel filed a no-merit brief and moved to withdraw. On review—and on our own initiative once again— we held the restitution award was illegal.

An excerpt:

> Finally, we recognize that the trial court also ordered Mr. Simpson to pay $585.00 in restitution upon his revocation. However, Ark. Code Ann. § 5-4-205(a)(1) (Supp. 2009) provides that a defendant *who is found guilty or who enters a plea of guilty or nolo contendere to an offense* may be ordered to pay restitution (emphasis added). The restitution statute specifically applies to convictions, and does not authorize restitution in revocation proceedings. A sentence is void or illegal when the trial court lacks authority to impose it.

---

[3]*See, e.g.*, *Maldonado v. State*, 2009 Ark. 432.

*Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007). Whether or not it was raised below, the issue of an illegal sentence may be raised by this court sua sponte. *See Turner v. State*, 88 Ark. App. 40, 194 S.W.3d 225 (2004). Because the trial court lacked the authority to order restitution in this case, we modify the judgment against Mr. Simpson so as to delete the $585.00 in restitution.

*Id*. at 4–5 (second emphasis added).

The language that caused us to conclude restitution could not be ordered in *Simpson*, a revocation is not a "conviction," has a close parallel in the court-cost statute (emphasis mine):

| | |
|---|---|
| A defendant who is *found guilty or who enters a plea of guilty or nolo contendere to an offense* may be ordered to pay restitution. | There shall be levied and collected the following court costs from each defendant *upon each conviction, each plea of guilty or nolo contendere*, or each forfeiture of bond: |
| | (1) In circuit court, one hundred fifty dollars ($150) for a misdemeanor or felony violation of state law. |
| Ark. Code Ann. § 5-4-205(a) | Ark. Code Ann. § 16-10-305(a) |

Here is another nonfrivolous question of statutory law these four appeals present: If a revocation is not a "conviction" under the restitution statute, as we held in *Simpson*, then is a revocation a "conviction" under the court-cost statute? More specifically, in this four-case cluster of "no-merits" now before us, did the circuit court assess $300, not $150, for one "misdemeanor or felony violation of state law," contrary to section 16-10-305(a)(1)?

There might be nonfrivolous arguments the circuit court could do so. For example, if probation is revoked, subsection 16-93-308(g)(1)(A) (Supp. 2021) allows the court to

"enter a judgment of conviction and . . . impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty." There is no express limit in subdivision (g)(1)(B) on cumulatively exceeding the statutorily specified court cost, like there are limits on cumulating fines and prison sentences. The State might make that argument in a merits appeal. But it might not. The State did not ask for these sentences below, and it has not defended them here.

III. *Booking Fee*

Finally, would it be "wholly frivolous" to argue that new booking fees cannot be imposed at revocation? Under Ark. Code Ann. § 12-41-505(a)(1) (Supp. 2021), "Every person who is committed to the common jail of the county by lawful authority for any criminal offense or misdemeanor, if he or she is convicted, shall pay the expenses in carrying him or her to jail[.]" Further, "A person convicted of a felony or a Class A misdemeanor shall be assessed a booking and administration fee of forty dollars ($40.00)." Ark. Code Ann. § 12-41-505(b)(1). This "shall be assessed upon the conviction of a defendant and included in the judgment of conviction entered by the court[.]" Ark. Code Ann. § 12-41-505(b)(2)(A). Like the court-cost statute, the booking-fee statute specifically provides that it will be imposed even if the defendant discharges a probated or suspended sentence without being convicted for the offense: "If a court suspends imposition of sentence on a defendant or places him or her on probation and does not enter a judgment of conviction, the court shall impose the booking and administration fee as a cost." Ark. Code Ann. § 12-41-505(b)(2)(B); *compare* Ark. Code Ann. § 16-10-305(b)(2) ("The costs shall be imposed at

12

the conclusion of cases involving a suspended or probated sentence even though that sentence may be expunged or otherwise removed from the defendant's record.").

If there is specific statutory authority for imposing a new booking fee on revocation, it has not come readily to hand. And the same points that apply to court costs apply by analogy to the booking fees. There is only one "criminal offense or misdemeanor," which is the original offense. Here, the booking fee was assessed when Lacey and Stanley were first convicted.

The statute, it is also worth noting, appears to focus on pretrial proceedings only. The supreme court has interpreted it that way. *See Wickham v. State*, 2009 Ark. 357, at 7, 324 S.W.3d 344, 348 ("Also, the phrase 'if he or she shall be convicted' is indicative of the General Assembly's intent that section 12-41-505 apply to pretrial detainees."). But again, a revocation is a postconviction sentencing proceeding, not a pretrial-process event.

★ ★ ★

The fees and court costs imposed at revocation might not be of great concern to some defendants. But Stanley and Lacey chose to appeal *something*, and their counsel has not shown that a challenge of one or more of the economic sanctions imposed would be "wholly frivolous" for Lacey and Stanley to raise in a merit brief. Counsel's decisions aside, we have a task to complete during *Anders* reviews: "to determine whether the case is wholly frivolous after a full examination of all the proceedings." *Riley v. State*, 2020 Ark. 99, at 3 (citing *Anders*, 386 U.S. at 744). Because the majority's decision cannot be reconciled with

13

our duty under law,[4] I respectfully dissent and would order what we have time and again called "adversarial briefing" and deny the motions to withdraw. Today's six-judge decision can be cited by future judges on this court as relieving us from the full breadth of an *Anders* review. This is a mistake of constitutional proportion.

VIRDEN, J., joins.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.

---

[4]Ark. Sup. Ct. R. 4–3(b)(1) requires a no-merit brief to include "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal" and a statement of the case and facts that contains "all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record." Our supreme court has established that no motion, objection, request, or prior ruling is needed to reverse an illegal criminal sentence. A natural consequence is appellate counsel in a criminal case cannot demonstrate an appeal would be "wholly frivolous" without demonstrating that the defendant was lawfully sentenced. Given today's majority opinion, a rule amendment is needed forthwith to overrule the errant decision.

To avoid doubt about counsel's duties, Rule 4–3(b)(1) could be amended to require counsel in a criminal appeal to address the legality of the sentence in every no-merit brief. Because the State has an equally important interest in the consistent and uniform imposition of sentences authorized by the General Assembly, it should be required to respond on that point. *See* Ark. Sup. Ct. R. 4–3(a) (requiring the Attorney General to brief all points raised by the appellant and "any other points that appear to involve prejudicial error" in a death or life-imprisonment case).

14