Cite as 2024 Ark. App. 20

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-446

| | | |
|---|---|---|
| LACEY HOGUE | | Opinion Delivered January 17, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. 63CR-20-886] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOSH FARMER, JUDGE |
| | | |
| | | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

**N. MARK KLAPPENBACH, Judge**

This is a no-merit appeal filed on behalf of Lacey Hogue following the Saline County Circuit Court's revocation of her probation. Hogue's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2022), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. Appellant provided no pro se points for reversal, so the State filed no response. We order counsel to rebrief this appeal and deny counsel's motion to be relieved.

In September 2021, Hogue entered a negotiated guilty plea on two criminal counts in exchange for a three-year probationary term. In October and November 2021, the State filed petitions to revoke Hogue's probation alleging failure to report on several dates,

improperly removing her GPS ankle device, failure to make payments toward fines and costs, and committing a new crime (theft by receiving).

At the revocation hearing, a sheriff's-office employee testified that Hogue had made no payments since September 2021 and that her fines and fees were currently $900. A community-corrections officer testified that Hogue had failed to report several times, she admitted using illegal drugs, and she had removed ankle-monitoring devices three times. Hogue admitted her drug use, her long-term difficulty with addiction, her failures to report, having taken off the ankle monitor three times, and that she had three pending criminal cases in Pulaski County. Hogue essentially asked for mercy from the court, as did her mother. The circuit court found Hogue in violation of the conditions of her probation and sentenced her to sixteen years in prison. This appeal followed.

This is a no-merit appeal, which requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all of the proceedings. *Id.*

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her probation terms as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*

In this no-merit brief, counsel has addressed the sufficiency of the evidence presented in support of the revocation. However, counsel has failed to brief and explain why Hogue's request for a lesser sentence (three years in prison, or four years at a regional corrections facility, and drug rehabilitation) provides no basis for a meritorious appeal. The circuit judge sentenced her to sixteen years in prison, clearly a rejection of her request for a lesser sentence.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3, and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5.; *Cook v. State*, 2021 Ark. App. 18. Counsel has fifteen days from the date of this opinion to file a substituted brief, after which our clerk will forward counsel's motion and brief to appellant, and she will have thirty days within which to raise pro se points in accordance with Rule 4-3. The State will likewise be given an opportunity to file a reply brief if pro se points are made.

Rebriefing ordered; motion to be relieved denied.

VIRDEN and WOOD, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only.