Cite as 2024 Ark. App. 379

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-545

| | | |
|---|---|---|
| RYECUS WARD | | Opinion Delivered June 5, 2024 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CR-21-601] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOANNA TAYLOR, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Ryecus Ward following the Washington County Circuit Court's revocation of his probation. Ward's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. Appellant provided no pro se points for reversal, so the State filed no response. We order counsel to rebrief this appeal and deny counsel's motion to be relieved.

In October 2021, Ward entered a negotiated guilty plea to possession of methamphetamine and was given a three-year suspended imposition of sentence (SIS). The State filed a petition to revoke Ward's SIS in March 2022, his SIS was revoked in January 2023, and Ward was sentenced to six years of probation. In February and May 2023, the State filed

petitions to revoke Ward's probation alleging several violations, including testing positive for THC, alcohol, and methamphetamine; changing his address without notification; failing to pay fines and costs; failing to finish the Community Alternative Program (CAP); failing to report to his probation officer; and committing the offenses of possession of marijuana, refusal to submit to arrest, obstruction of government operations, and contempt of court. The State later amended the petition to remove the allegations of testing positive for THC and contempt of court.

The matter was heard in May 2023, after which the circuit court found that there was "no question" that Ward had violated multiple terms of his probation. The State asked the court to sentence Ward to six years of incarceration. Ward's defense attorney asked the court to consider giving Ward an opportunity to participate in the drug-court program as a condition of extended probation. The circuit court sentenced Ward to six years in prison. This appeal followed.

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

2

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his or her probation terms as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218. The State need only show that the appellant committed one violation to sustain a revocation. *Id.* Here, counsel has addressed the sufficiency of the evidence presented in support of the decision to revoke probation.

However, counsel failed to brief and explain why Ward's request for a lesser sentence (drug court and extended probation as opposed to imprisonment) provides no basis for a meritorious appeal. Counsel addressed the *legality* of the sentence but not the adverse ruling that rejected the request for a lesser sentence. *See Hogue v. State*, 2024 Ark. App. 20; *Cook v. State*, 2021 Ark. App. 18. We also note that counsel failed to address the entry of State's exhibit 2 into evidence over the defense's objection. This is not intended to be an exhaustive list of omissions. We encourage counsel to thoroughly review the record to determine whether there are any remaining adverse rulings.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3, and rebriefing will be required. *Moore v. State*, 2022 Ark. App. 5.; *Cook*, *supra*. Counsel has fifteen days from the date of this opinion to file a substituted brief, after which our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3. The State will likewise be given an opportunity to file a reply brief if pro se points are made.

Rebriefing ordered; motion to be relieved denied.

HARRISON, C.J., and MURPHY, J., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.