Cite as 2024 Ark. App. 445

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-38

| | | |
|---|---|---|
| JUSTIN GATEWOOD | | Opinion Delivered September 25, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. 63CR-20-165] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BRENT DILLON |
| | | HOUSTON, JUDGE |
| | | |
| | | REBRIEFING ORDERED; MOTION TO |
| | | BE RELIEVED DENIED |

## N. MARK KLAPPENBACH, Judge

This is a no-merit appeal filed on behalf of Justin Gatewood following the circuit court's revocation of his probation. Gatewood's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. Appellant provided no pro se points for reversal, so the State filed no response. We deny counsel's motion and order rebriefing.

In March 2022, Gatewood entered a negotiated guilty plea to three drug-related crimes and was given a four-year term of probation subject to certain conditions of behavior. The State filed a petition to revoke in April 2023, and the revocation hearing was conducted

in October 2023. The State presented the testimony of two law enforcement officers involved in the investigation of the alleged battery of Gatewood's girlfriend as well as Gatewood's probation officer, who testified about Gatewood's failed drug tests. In Gatewood's testimony, he admitted that he had used controlled substances (marijuana) and that he had not paid anything toward his financial obligations to the State, but he asked for leniency. The circuit court found that Gatewood had violated the conditions of his probation, including that he had used controlled substances; failed to make payments on his fines, costs, and restitution; and committed a criminal offense. The circuit court entered a sentencing order upon revocation that sentenced Gatewood to six years of incarceration, and this appeal followed.

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of probation as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is

2

clearly against the preponderance of the evidence.  *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218.  The State need only show that the appellant committed one violation to sustain a revocation.  *Id.*  Here, counsel has addressed the sufficiency of the evidence presented in support of the decision to revoke probation.

However, counsel failed to brief and explain why Gatewood's request for a lesser sentence provides no basis for a meritorious appeal.  Counsel addressed the *legality* of the sentence but not the adverse ruling that rejected the request for a lesser sentence.  *See Edwards v. State*, 2024 Ark. App. 27; *Hogue v. State*, 2024 Ark. App. 20; *Cook v. State*, 2021 Ark. App. 18.  Gatewood himself asked for leniency, and his attorney asked for a jail sanction and that he be allowed to stay on probation and not be incarcerated.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4-3, and rebriefing will be required.  *Moore v. State*, 2022 Ark. App. 5.; *Cook, supra.*  Counsel has fifteen days from the date of this opinion to file a substituted brief, after which our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4-3.  The State will likewise be given an opportunity to file a brief.

Rebriefing ordered; motion to be relieved denied.

ABRAMSON and BROWN, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

One brief only,