Cite as 2025 Ark. App. 20

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-24-361

| | |
|---|---|
| JONATHAN KAVON RICHMOND<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 15, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-18-809]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

Appellant, Jonathan Kavon Richmond appeals from the Sebastian County Circuit Court's May 24, 2024, order revoking his suspended imposition of sentence (SIS) and sentencing him to thirty-six months in the Arkansas Division of Correction. On behalf of Richmond and in accordance with *Anders*[1] and Arkansas Supreme Court Rule 4-3(b)(1), his attorney has filed a no-merit brief and a motion to withdraw as counsel. The brief asserts that there are no issues of arguable merit to support a finding that the court erred in revoking Richmond's suspended sentence. Richmond was sent a copy of the motion, the no-merit brief, and a letter advising that he could file pro se points for reversal through certified mail,

---

[1]*Anders v. California*, 386 U.S. 738 (1967).

but he has not filed any. We deny counsel's motion to withdraw as counsel and order rebriefing.

When considering a no-merit appeal, after a full examination of the proceedings, this court must determine whether there is any nonfrivolous reason for the appeal.[2] A no-merit brief must provide a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[3] Arkansas Supreme Court Rule 4-3(b) provides that a request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party, with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The circuit court can revoke an SIS if the court finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of the suspension.[4] The violation of just one condition is enough to revoke.[5] This court reverses only if the circuit court clearly erred.[6]

---

[2]*Golden v. State*, 2024 Ark. App. 371, at 4 (citing *Norton v. State*, 2018 Ark. App. 370, 553 S.W.3d 765).

[3]*Id*. at 4.

[4]*Honeycutt v. State*, 2024 Ark. App. 54, at 3, 683 S.W.3d 242, 244 (citing Ark. Code Ann. § 16-90-308(d) (Supp. 2023)).

[5]*Id*. at 4.

[6]*Todd v. State*, 2022 Ark. App. 11, at 2.

Richmond's attorney asserts that the only adverse ruling against the appellant is the revocation of his SIS. However, following our review of the record, we identified two other adverse rulings that were not discussed by counsel; therefore, we order rebriefing and deny counsel's motion to withdraw.

The first adverse ruling was on page 8 of the transcript when the appellant continued to testify after counsel had passed the witness. The following conversation occurred between the appellant and the court:

THE [DEFENDANT]: When I came back out here --

THE COURT: I don't think there is a question in front of you right now.

THE DEFENDANT: Yes, sir

The second adverse ruling is found on page 12 of the transcript. The appellant requested leniency during sentencing, asking the court to consider his time served from his thirty-day sentencing in a previous case. The court declined to consider it, stating that his sentencing in that case would not affect its sentencing. Counsel failed to explain in his brief why Richmond's request for a lesser sentence provides no basis for a meritorious appeal. Although, counsel addressed the *legality* of the sentence, he did not address the adverse ruling that rejected the request for a lesser sentence.[7]

---

[7]*Gatewood v. State*, 2024 Ark. App. 445, at 3 (citing *Edwards v. State*, 2024 Ark. App. 27; *Hogue v. State*, 2024 Ark. App. 20; *Cook v. State*, 2021 Ark. App. 18).

Accordingly, we order counsel to cure the deficiencies by filing a substituted brief that complies with the rules within fifteen days from the date of this opinion. We express no opinion as to whether the new brief should be made pursuant to Rule 4-3(b)(1) or should be on meritorious grounds. However, we do encourage counsel to review *Anders*, *supra*, and Arkansas Supreme Court Rule 4-3(b) for the requirements of a no-merit brief. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Richmond so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Rule 4-3(b)(2). The State will likewise be given an opportunity to file a reply brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

BARRETT and HIXSON, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.

4