Cite as 2026 Ark. App. 27

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-25-247

| | | |
|---|---|---|
| ROSCOE JOYNER | | Opinion Delivered January 14, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACR-20-84] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

This no-merit appeal stems from the Desha County Circuit Court's revocation of appellant Roscoe Joyner's probation. Pursuant to *Anders v. California*,[1] and Arkansas Supreme Court Rule 4–3(b)(1),[2] appellant's counsel has filed a motion to withdraw and a no-merit brief stating there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant informing him of his right to file pro se points for reversal; he has elected to do so. We affirm the revocation of appellant's probation and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

[2](2021).

Appellant pleaded guilty to second-degree battery on September 27, 2021, and was sentenced to four years' probation. The State filed a petition to revoke appellant's probation on May 8, 2023, alleging appellant had violated the terms and conditions of his probation by failing to pay court-ordered fines and costs and by traveling out of state and committing new crimes.[3]

The revocation hearing was continued twice on appellant's motions. It was subsequently set for April 8, 2024. Appellant filed a motion for continuance on April 4; however, the circuit court never ruled on it, and the revocation hearing took place as scheduled. Appellant's probation officer, Felisha Smith, testified that appellant had traveled to Mississippi in February 2023 and was arrested on new felony charges during that time. She stated that she had not had any significant issues with appellant before the motion to revoke appellant's probation was filed. Smith testified that appellant informed her of the Mississippi arrest three months later, in May.

Detective Richard Mitchell of the Clinton, Mississippi, Police Department testified that he was involved in appellant's arrest on February 14, 2023, at the BankPlus in Clinton. According to Mitchell, appellant went into the bank and attempted to close a $45,000 home-equity account in the name of Collin Carlock while presenting a fake Tennessee identification to the bank teller. When the teller looked up the information in the system,

___

[3]Appellant was arrested on February 14, 2023, in Clinton, Mississippi, and charged with false identity-fraudulently obtaining goods, three counts of unlawful possession of a false driver's license, three counts of providing false identification to law enforcement, identity theft, and false statement of identity.

the teller saw that Mr. Carlock is white, and the appellant is not. The police arrived and discovered that appellant had several fake Tennessee identifications and four different fake credit cards in different names. Mitchell stated that appellant was indicted on two felonies and that the case was moving forward in Mississippi.

Appellant initially stated that he wanted to testify; however, when the circuit court informed him that his testimony could be used against him in Mississippi, he changed his mind. Appellant's counsel stated to the circuit court that the pending charges were part of the motion for continuance she had filed.

The circuit court found that appellant had violated the terms and conditions of his probation by traveling outside the state of Arkansas and by committing new crimes outside of the state. Appellant was sentenced to three years' imprisonment in the sentencing order filed on April 22. Appellant filed an untimely notice of appeal, but his motion for a belated appeal was granted by this court on May 21, 2025. This no-merit appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief, including an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious

ground for reversal.[4]  In considering a no-merit brief, we must determine whether, after a full examination of the proceedings, there is any nonfrivolous basis for an appeal.[5]

In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant inexcusably violated the terms of his or her probation as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence.[6]  The State need only show that the appellant committed one violation to sustain a revocation.[7]

Here, as a condition of his probation, appellant was restricted from leaving the state without a written travel pass from his probation officer.  Despite this condition, appellant went to Mississippi in February 2023 without obtaining a pass and was subsequently arrested while there.  Counsel is correct that this alone is sufficient to support the revocation of appellant's probation.

Counsel also correctly asserts that there is no argument that can be made about appellant's prison sentence.  Sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime.[8]  The general rule is that a

---

[4]*Travis v. State*, 2023 Ark. App. 286, 668 S.W.3d 207.

[5]*Id.*
[6]*Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218.

[7]*Id.*

[8]*Malone v. State*, 2025 Ark. App. 83, 705 S.W.3d 896.

4

sentence imposed within the maximum term prescribed by law is not illegal on its face.[9] Three years of imprisonment is within the statutory range for second-degree battery, a Class D felony.[10]

Counsel has also discussed appellant's motion for continuance filed four days before the revocation hearing. Counsel is correct that there is no adverse ruling to address because the circuit court never ruled on the motion, and appellant's counsel did not indicate that she was not ready to proceed at the onset of the hearing. Although counsel mentioned the motion when appellant was trying to decide whether he wanted to testify, counsel did not seek a ruling from the circuit court on the motion. The failure to secure a ruling constitutes a waiver, precluding its consideration on appeal.[11]

Appellant has filed pro se points for reversal. Appellant's arguments, as best we can decipher, include that new policies had been implemented that should have resulted in the petition to revoke his probation being dismissed and his violations reduced, but this information was not revealed to the circuit court; his counsel misrepresented to him that his motion for a continuance had been denied when it had not been ruled on by the circuit court; and the motion for continuance should have been granted in light of the "surprise key witness" at the hearing. Because his pro se points are not preserved for appellate review,

---

[9]*Id.*

[10]Ark. Code Ann. § 5-13-202(a)(1) (Repl. 2024); Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2024).

[11]*Baker v. State*, 2016 Ark. App. 409.

not supported by citation to legal authority or convincing argument, or are not appropriate on direct appeal, they do not offer a basis for reversal.

From our review of the record and the brief presented to this court, we hold that counsel has complied with the directives of *Anders* and Rule 4-3, and the appeal is without merit. Accordingly, we affirm the circuit court's revocation of appellant's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

KLAPPENBACH, C.J., and GLADWIN, J., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.