Cite as 2026 Ark. App. 311

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-25-756

| | |
|---|---|
| CORBEN RANE HINTON | Opinion Delivered: May 20, 2026 |
| APPELLANT | |
| | APPEAL FROM THE MILLER |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 46CR-21-430] |
| | |
| STATE OF ARKANSAS | HONORABLE L. WREN AUTREY, |
| APPELLEE | JUDGE |
| | |
| | AFFIRMED; MOTION TO BE |
| | RELIEVED GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Corben Rane Hinton appeals the Miller County Circuit Court's order revoking his probation. Hinton's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), stating that no meritorious grounds support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to Hinton informing him of his rights to file pro se points for reversal. Hinton has filed pro se points and the State responded.

On September 10, 2024, Hinton pleaded guilty to one count of commercial burglary, a Class C felony, and one count of theft of property, a Class C felony. Hinton was sentenced to eighty-four months of probation. As part of his plea agreement, Hinton signed and agreed

to conditions of probation, including a new special condition that Hinton complete a year at Haven Homes, a faith-based sober-living facility in Texas.

On February 26 and March 6, 2025, the State filed two petitions for revocation, one for each of Hinton's underlying cases. Both petitions allege that Hinton had violated the terms of his probation conditions. Specifically, the State alleged that Hinton had (1) failed to report as directed, (2) failed to notify his supervising officers of a change in residence or left the jurisdiction without authorization, and (3) failed to pay court-ordered financial obligations. The revocation petition for case No. 46CR-23-548 listed an additional violation because Hinton left Haven Homes before the end of his one-year commitment. The revocation in case No. 46CR-23-548 is the subject of another appeal also handed down today. *See Hinton v. State*, 2026 Ark. App. 312.

A revocation hearing was held on October 2, 2025, for both petitions. Before the start of the hearing, Hinton requested a continuance, stating that he needed additional time to gather evidence and witnesses to testify on his behalf. The circuit court denied his motion, holding that he had sufficient notice of the hearing to gather the required evidence and witnesses.

During the hearing, the State called two witnesses: Tiffany Parks, Hinton's probation officer; and Dan Harbison, the facility director of Haven Homes. Officer Parks testified that Hinton did not report to his probation officer as required on December 10 and 30, 2024. Additionally, Hinton left Haven Homes early, without authorization, on December 25. Hinton also had not made any payments toward his financial obligations.

Dan Harbison testified next that Hinton stopped fully participating in the program beginning in August 2024. Specifically, Harbison testified that Hinton left the home without permission, failed drug tests, and brought drugs into the facility. Harbison testified that Hinton was transferred to another ministry, which he left without authorization on February 7, 2025. On cross-examination, Hinton tried to question Harbison on the criminal record of the director of the program. The State objected on grounds of relevance, and Hinton stated that he was attempting to bring in the information because Hinton's relapse occurred under the care of the director. The circuit court sustained the State's objection, ruling that the testimony was not relevant. Hinton's counsel then withdrew her objection, stating, "I was trying to get it admitted because we were trying to preserve the record, Your Honor, but my supervisor informed me that we can't do that, so rescind that." The circuit court sustained the State's objection.

Hinton called a single witness, Reverend Fulce, who previously worked at Haven Homes. During direct examination, Reverend Fulce testified that he had resigned from Haven Homes. Hinton then tried to question Reverend Fulce about the reason for his resignation and whether it had any link to corruption at Haven Homes. The State first objected to Hinton's asking a leading question and then objected on the grounds of relevancy. The circuit court sustained both objections.

Following all testimony, the circuit court found that the State had presented sufficient evidence and revoked Hinton's probation. After revoking Hinton's probation, the circuit court and counsel for both the State and Hinton discussed the parole eligibility of the

3

underlying charges. As to the charge of possession of a firearm by certain persons as a Class B felony, the prosecutor told the circuit court that she spoke to the sentencing commission and was advised that "sentences that are entered on a charge that was committed during the old law is under the old parole guidelines." Hinton's counsel then told the circuit court, however, that she was advised that the sentence would be "a hundred percenter, if that helps the Court at all in deciding the final time, with the new legislation changes." The circuit court noted "that would run contrary to what the Prosecutor just informed me because that's a 2021 case. Did you hear what she said about the 100 percent on the B?" At this point, the State said,

> Yes, sir. Truthfully, all that I can tell the Court is I had a mother whose son was sentenced to ADC on a manslaughter, and she was concerned about the new parole guidelines, so I called the sentencing commission because I needed a better understanding of when these new parole guidelines go into effect, and Toni is her name, said that the parole guidelines that apply are those that were in effect at the time the crime was committed. *Beyond that, I can't offer the Court any guidance. I can just relay to you what the sentencing commission told me.* And in 2021 it was not 100 percenter.

(Emphasis added.)

The circuit court then handed down Hinton's sentence, noting, "[L]et me start over now that I know the Y's aren't 70 or 80 percenters." Specifically, in case No. 46CR-21-430, the circuit court sentenced Hinton to ten years on each of the Class Y felonies and twenty years on the Class B felony for a total of twenty years. As to case No. 46CR-23-548, the circuit court sentenced Hinton to an additional ten years on each of the Class C felonies, consecutive to each other and consecutive to the sentences in case No. 46CR-21-430, for a

4

total of forty years in the Arkansas Division of Correction. Neither Hinton nor his counsel objected.

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief (which could result in an incorrect decision on counsel's motion to withdraw). *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after fully examining all the proceedings. *Id.*

The first adverse ruling occurred when the circuit court denied Hinton's motion for continuance the day of the revocation hearing. The denial of a motion for a continuance is reviewed for abuse of discretion. *Davis v. State*, 2019 Ark. App. 502, 588 S.W.3d 790. To warrant reversal, an appellant must not only demonstrate that the circuit court abused its discretion in denying the continuance but also show prejudice from the denial of the continuance that amounts to a denial of justice. *Id.* In this case, we agree with counsel that an appeal of the circuit court's denial of Hinton's request for a continuance would be wholly frivolous. Hinton argued that he needed the continuance because he did not have time to collect the evidence and witnesses he needed. Hinton did not inform the circuit court of what evidence and/or witnesses were missing but rather stated he was only made aware of the hearing the afternoon prior. His counsel, however, stated that Hinton was arrested on

5

the revocation petition on June 11, 2025, and was informed on September 16 that the hearing would occur on October 2. The State objected to the continuance. Hinton's lack of diligence in preparing for the hearing is not sufficient grounds to justify a continuance. As our supreme court has found that a lack of diligence alone is a sufficient basis to deny a motion for continuance. *Hendrix v. State*, 2019 Ark. 351, at 3, 588 S.W.3d 17, 19.

The second ruling that could be considered adverse was that the circuit court required all questioning be done by Hinton's counsel rather than Hinton himself. Hinton, however, is unable to show any prejudice from this decision since his counsel appears to have used Hinton's written questions as the basis for at least some of her questioning. Specifically, the transcript shows counsel telling Reverend Fulce, "I've been given quite a laundry list of questions to ask you by my client today. I apologize about that. I'll try to get through as swiftly as possible."

The next two adverse rulings stem from the State's sustained objections during the cross- and direct examinations of Harbison and Reverend Fulce regarding alleged corruption at Haven Homes. We agree with counsel that neither of the objections were meritorious. Trial counsel failed to articulate why the alleged corruption at Haven Homes was relevant to whether Hinton violated his conditions of probation. Even if Haven Homes were corrupt, Hinton was still required to report to his probation officer, pay his court-ordered financial obligations, and stay in treatment for one year, which he failed to do.

The State's sustained objection to Hinton's counsel asking a leading question is also without merit. The existence of a leading question in a trial record does not necessarily

6

indicate prejudicial error, and the use of such questions is within the discretion of the circuit court. *Johnson v. State*, 261 Ark. 13, 15, 545 S.W.2d 639, 641 (1977). Because the court has such discretion and because appellant has failed to show prejudice, we find no basis upon which to challenge the court's ruling.

The final adverse ruling is the revocation itself. In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant inexcusably violated the terms of his or her probation as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*

Here, counsel has addressed the sufficiency of the evidence presented in support of the decision to revoke probation. The decision to revoke does not present an issue of arguable merit for appeal. The testimony at the hearing was that Hinton had failed to report to his probation officer and that he had failed, without justification, to pay his court-ordered costs. Hinton does not allege any error in this testimony. Accordingly, the circuit court did not err when it revoked Hinton's two terms of probation.

In compliance with *Anders* and Rule 4-3(b), Hinton's counsel ordered the entire record and found that after a conscientious review of the record, there are no issues of arguable merit for appeal. Counsel's brief adequately discussed all the adverse rulings as well as the convictions themselves. Having carefully examined the record and the brief presented to us, we hold that counsel has complied with the requirements established by the Arkansas

Supreme Court for no-merit appeals in criminal cases and conclude that the appeal is wholly without merit.

We now turn to the issues raised by Hinton in his response to counsel's no-merit brief. Hinton filed pro se points in accordance with Ark. Sup. Ct. R. 4-3(b)(2), to which the State responded. None of Hinton's points raise a basis for reversal of his revocations or sentences.

Hinton's pro se points on appeal are exclusively about his sentence for the possession of a firearm by certain persons being a "100 percenter." Hinton cites *Fields v. State*, 2019 Ark. App. 162, 547 S.W.3d 201, for the proposition that it is reversible error for the State to misstate the law regarding parole eligibility. Hinton fails to note that *Fields* requires an objection to the State's remarks in order to preserve the issue for appeal. *Id.* at 5, 574 S.W.3d at 207 ("However, Fields's counsel did not object to any portion of the prosecutor's closing argument; therefore, the issue is not preserved for appeal."). Hinton did not object, timely or otherwise, to the sentence ordered by the circuit court. Arguments raised for the first time on appeal are not preserved for our review. Accordingly, the arguments about whether the sentence on possession of a firearm by certain persons was with or without parole were not preserved for our review.

Affirmed; motion to be relieved granted.

MURPHY and BROWN, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.